

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

40 North Central Avenue
Phoenix, Arizona 85004-4429
Facsimile (602) 734-3831
Telephone (602) 262-0254

Henk Taylor (AZ Bar No. 016321)
Email: htaylor@lrlaw.com
Scott K. Brown (AZ Bar No. 020390)
Email: sbrown@lrlaw.com
Doyle S. Byers (AZ Bar No. 022374)
Email: dbyers@lrlaw.com

Proposed Attorneys for Debtor
AR Utility Specialists, Inc.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>AR UTILITY SPECIALISTS, INC., an Arizona Corporation,<br><br>                    Debtor,<br><br>EID# 86-0597466 | Chapter 11<br><br>Case No. 2-05-10489 PHX GBN<br><br>**DEBTOR'S RESPONSE TO CYNTHIA REYNOSO'S MOTION TO RECONSIDER AND OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY PETER STROJNIK AS SPECIAL COUNSEL**<br><br>**Date:  August 11, 2005**<br>**Time:  2:30 p.m.**<br>**Place:  Courtroom 702,**<br>**Phoenix, AZ** |

AR Utility Specialists, Inc., an Arizona corporation ("ARUSI"), Debtor and Debtor-in-Possession in this case, hereby responds to Cynthia Reynoso's Motion to Reconsider and Objection to Debtor's Application to Employ Peter Strojnik as Special Counsel [DE 72] (the "Motion").  The Motion should be denied because it fails to show how Mr. Storjnik's employment does not meet the standards of 11 U.S.C. § 327(e).

## I.  Background.

ARUSI filed its voluntary chapter 11 petition on June 10, 2005.  On June 28, 2005, ARUSI filed the Application to Employ Peter Strojnik as Special Counsel [DE 46] (the



1  Application), pursuant to 11 U.S.C. § 327(e). The Application sought to employ Mr.

2  Strojnik to work on potential claims against Cynthia Reynoso, Eduardo Alonzo, and

3  Reuben Hinojos, and others. Mr. Strojnik represented ARUSI pre-petition; and he had

4  already filed a lawsuit against these individuals in state court relating to these claims. As

5  a result, Mr. Strojnik is familiar with both the facts and the law surrounding these potential

6  claims. The Application also sought to employ Mr. Strojnik for litigation services in

7  connection with another state court action filed by Cynthia Reynoso against AR Utility

8  Specialists, Inc. Again, Mr. Strojnik had represented the company in that case pre-petition

9  and is knowledgeable about the issues involved therein.

10       Mr. Strojnik has the experience necessary to effectively litigate these matters,

11  which is exactly the situation contemplated by 11 U.S.C. § 327(e) in allowing the

12  employment of special counsel.

13       The Application expressly disclosed that Mr. Strojnik served for a time as the

14  Secretary of ARUSI, but that he had resigned that position on June 14, 2005. It also

15  disclosed Mr. Strojnik's involvement with CSK Partnership and that Mr. Strojnik received

16  a pre-petition payment for his legal services.

17       On June 29, 2005, this Court entered an order granting the Application [DE 49].

18  **II.  Argument.**

19       The Motion completely misses the point of 11 U.S.C. § 327(e), which states:

20
21
22
23  > The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate **with respect to the matter on which such attorney is to be employed.** (emphasis added).

24  Mr. Strojnik represented ARUSI pre-petition in connection with the claims and lawsuits

25  outlined above. Whereas Lewis and Roca LLP or any other special counsel would need to

26  expend estate resources educating themselves on these claims and litigation, Mr. Strojnik



LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1  already has significant experience in those specific matters. Saving estate resources by

2  employing Mr. Strojnik to represent the company in these matters is in the best interest of

3  the estate.

4       The Motion ignores this point and discusses at length a merger that was ultimately

5  enjoined by a state court and undone prior to the petition date. Mr. Strojnik's involvement

6  in those events does not pertain in any way to the matters for which he was employed as

7  special counsel. Thus it is hard to see how this merger, or Mr. Strojnik's role in it,

8  demonstrates that he "represent[s] or hold[s] any interest adverse to the debtor or to the

9  estate" with respect to the matters for which he has been employed.

10      The Motion also mentions the fact that Mr. Strojnik was the Secretary of ARUSI.

11 Mr. Strojnik resigned that position on June 14, 2005, and thus he is no longer an officer of

12 ARUSI.

13      While Mr. Strojnik is a member of CSK Partnership, it is ARUSI's understanding

14 that Mr. Strojnik has not and will not receive any compensation from that Partnership.

15 Any payment that Mr. Strojnik receives from the estate will be through a fee application

16 for his services performed as special counsel.

17      Finally, Mr. Strojnik did receive a pre-petition payment of $39,000.00 on June 9,

18 2005 from ARUSI, but that was for pre-petition legal services provided by Mr. Strojnik.

19 The Motion fails to demonstrate how this payment to Mr. Strojnik creates an interest for

20 Mr. Strojnik adverse to the estate in relation to the specific matters for which he has been

21 employed.

22      All of these issues were fully disclosed to the Court in the Application, and none of

23 them prevent Mr. Strojnik from being employed as special counsel pursuant to 11 U.S.C. §

24 327(e). The Motion seems to confuse the standard under § 327(e) with the standard of §

25 327(a), which requires that bankruptcy counsel for the debtor be a "disinterested person."

26 Again, the Motion fails to illustrate how Mr. Strojnik has "any interest *adverse* to the



LEWIS
AND
ROCA
LLP
LAWYERS

1 | debtor or to the estate with respect to the matter on which such attorney is to be employed"

2 | (emphasis added).

3 |     This Court should therefore deny the Motion and re-affirm its order granting the

4 | Application to Employ Peter Strojnik as Special Counsel.

5 |     RESPECTFULLY SUBMITTED this ___10th___ day of August, 2005.

6 |     LEWIS AND ROCA LLP

7 |

8 |     By _/s/ HTA (#016321)_____
        Henk Taylor
        Scott K. Brown

9 |         Doyle S. Byers
    Attorneys for Debtor AR Utility Specialists, Inc.

10 |

11 | COPY of the foregoing
mailed/emailed this 10th day of
August, 2005, to:

12 |

13 | Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003

14 |

15 | Robert Kort
Christopher H. Bayley
Snell & Wilmer L.L.P.

16 | One Arizona Center
Phoenix, AZ 85004

17 | rkort@swlaw.com
cbayley@swlaw.com

18 | Counsel for Cynthia Reynoso

19 |

20 | _/s/ Marilyn Schoonike_

21 |

22 |

23 |

24 |

25 |

26 |

1660268.1