Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue
Suite 1401
Phoenix, AZ 85012
602-297-3019
602-297-3176-Fax
strojnik@aol.com
lawyer@strojnik.com

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: ) | Chapter 11 |
| ) | |
| AR UTILITY SPECIALISTS, INC., ) | Case No. 2-05-10489-PHX-GBN |
| an Arizona corporation, ) | |
| Debtor. ) | **FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PETER STROJNIK, PC, SPECIAL COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION** |
| ) | |
| EID #86-0597466 ) | |
| ) | |
| ) | |
| ) | |
| ) | |

Peter Strojnik, PC ("Strojnik"), special counsel for the Debtor and Debtor in Possession, AR Utility Specialists, Inc., an Arizona corporation ("ARUSI"), respectfully requests final compensation for services rendered and reimbursement of expenses incurred on behalf of ARUSI.

A. **INFORMATION ABOUT APPLICANT AND APPLICATION**

    1. **Relevant Dates and Nature of Application**

        a.    On June 10, 2005 ARUSI filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Arizona

        b.    An Application For Authority to Employ Strojnik [DE 46] was filed with this Court on June 28, 2005. The Order Authorizing the Employment of Strojnik [DE 49] was signed on June 29, 2005. Cynthia Reynoso filed a Motion to

Reconsider and Objection to Debtor's Application to Employ Peter Strojnik as Special Counsel (the "Motion"). The Motion was resolved pursuant to a Stipulated Order [DE 72].

   c. No trustee or examiner has been appointed pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, and the Debtor is operating its business and managing its property as a Debtor in Possession.

   d. No Committee of Unsecured Creditors has been appointed by the Office of the U.S. Trustee.

   e. Compensation is sought under 11 U.S.C. §§ 330(a)(1) and 331.

**2. Terms and Conditions of Employment**

   a. Strojnik has no agreement of any kind, express or implied, to divide with any other person or entity any portion of the compensation sought or to be received by it herein with the exception of the professional limited liability company agreement. There is on file herein the necessary statements required by Bankruptcy Rule 2014 and 11 U.S.C. § 329, which are incorporated herein by reference.

   b. The source of compensation for the fees and expenses presently sought through this application will be estate funds, as an administrative expense.

   c. Strojnik has not received a retainer.

   d. Strojnik has written off time that was duplicative or performed the service at no charge.

**3. Names and Hourly Rates of Professionals**

   a. The name of the Strojnik professional requesting fees during the period of this application and the hourly rate charged is as follows:

| Attorney | Hourly Rate | Hours Billed | Amount Billed |
|---|---|---|---|
| Peter Strojnik | $325.00 | 36.85 | $11,976.25 |

2

    b.  The compensation sought is based on compensation charged by comparably skilled practitioners in cases other than cases under Title 11.

  4.  **Status of Applications**

    a.  This application is Strojnik's first and final application.

  5.  **Client Review**

    a.  The client has not reviewed the application prior to the filing of its application.

  6.  **Time Period For Services Covered by This Application.**

    a.  Strojnik submits his billing statement, attached as **Exhibit 1**, for the time period from June 28, 2005 through July 22, 2005, which itemizes the time and expenses incurred on behalf of ARUSI.

**B.  CASE STATUS**

  1.  **Status of Plans and Disclosure Statements, Quarterly Fees and Monthly Operating Reports**

    a.  Quarterly fees have been paid to the United States Trustee.

    b.  Monthly operating reports have been submitted to the Office of the U.S. Trustee.

    c.  The Debtor has not filed a Disclosure Statement or Plan of Reorganization.

  2.  **Accrued Administrative Expenses**

    a.  As of the date of this application, there is one pending application for administrative expense filed by CSK Partnership in the amount of $15,000. Lewis and Roca, LLP, and Forrester & Worth, PLLC, will also be filing fee applications. None of these applications have been approved by this Court.

3

3. **Estate Funds**.

    a. As of December 30, 2005, there was $156,069.26 on deposit with Wells Fargo and Chase Banks.

C. **SUMMARY SHEET**

1. A summary sheet setting forth the hours billed, hourly rate, and total billed for Strojnik is attached.

D. **BACKGROUND OF DEBTOR**

1. **Summary of Legal Services Performed by Strojnik**

    a. The services performed by Strojnik during this application period related to its services as litigation counsel relating to claims asserted by and against ARUSI involving Cynthia Reynoso and Eduardo Alonzo. Because the scope of Strojnik's employment is limited, all work was performed under task code B110.

**B110 Case Administration**

Strojnik attended hearings on cash collateral, attended the ARUSI general meeting, conferred with client, reviewed and analyzed the documents in the State Court litigation.

| Attorney | Hourly Rate | Hours Billed | Amount Billed |
|---|---|---|---|
| Peter Stojnik | $325.00 | 36.85 | $11,976.25 |

The total time for all timekeepers is 36.85 hours, resulting in total fees requested of $11,976.25 from June 28, 2005 through July 22, 2005.

2. **Summary of Costs**

Strojnik seeks reimbursement for costs incurred in the amount of $908.26. All costs are also customarily charged to non-bankruptcy clients of Strojnik. The amount

4

charged by Strojnik for photocopies in this case is 20¢ per page. Deliveries were made when signatures were required, documents delivered, and transcript orders delivered.

All costs from outside parties, such as Federal Express, mail, delivery charges, long distance telephone charges, travel expenses, Lexis and Westlaw searches and the like, are charged at the unit rate charged by the vendors. The summary of the requested expense is:

| <u>Case</u> | <u>Date</u> | <u>Description</u> | <u>Amount</u> |
|---|---|---|---|
| General | 06-10-05 | Shareholder's Meeting Transcript | $115.25 |
| ARUSI v. Reynoso | 06-14-05 | Service of Process – Ed Alonzo (Subpoena) | 79.00 |
| ARUSI v. Reynoso | 06-14-05 | Service of Process | 49.00 |
| ARUSI v. Reynoso | 06-14-05 | Issuance of Subpoena | 18.00 |
| ARUSI v. Reynoso | 06-14-05 | Service of Process (Subpoena) | 30.00 |
| ARUSI v. Reynoso | 06-14-05 | Service of Process (Subpoena) | 49.00 |
| ARUSI v. Reynoso | 06-14-05 | Issuance of Subpoenas – Court Costs | 54.00 |
| ARUSI v. Reynoso | 06-20-05 | Filing fee | 231.00 |
| General | 06-21-05 | Corporate Seal | 27.01 |
| ARUSI v. Reynoso | 07-06-05 | Service of Process – Cynthia Reynoso | 65.00 |
| ARUSI v. Reynoso | 07-06-05 | Answer fee | 191.00 |
| | | **Costs Total** | **$908.26** |

3.  **Evaluating Standards**

   a.  In accordance with 11 U.S.C. § 330, this amount was calculated using the hourly rate for the attorneys involved. *See also In Re Yermakov*, 718 F.2d 1465, 1471 (9th Cir. 1983) ("The primary method used to determine a reasonable attorneys' fee in a bankruptcy case is to multiply the number of hours expended by an hourly rate"). This has also been referred to as the "lodestar" or basic fee which, if warranted, can be adjusted upward or downward. In that regard, the Ninth Circuit in *Yermakov* made specific references to *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), in which the Fifth Circuit listed twelve factors which should be considered in awarding attorneys' fees. These "*Johnson* factors" have been

5

referred to and utilized by many courts in considering and awarding attorneys' fees in bankruptcy cases. *See In Re Nucorp Energy, Inc.*, 754 F.2d 655 (9th Cir. 1985).

    b. The Ninth Circuit Bankruptcy Appellate Panel has held that the "lodestar" approach, coupled with consideration for the "*Johnson* factors" is the appropriate standard to be applied in awarding fees in a bankruptcy case. *See In re Powerine Oil Co.*, 71 Bankr. 767 (Bankr. 9th Cir. 1986).

    c. The provisions of § 330(a) place a premium on the timeliness of administration of the case. Compensable services must be "performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed." 11 U.S.C. § 330(a)(3)(A). Strojnik believes all services have been provided in a timely basis.

    d. For a more specific description of the various services provided, categorized as a project basis, as well as a general description of what was accomplished with respect to each project, please consult the attached billing.

    e. The results obtained by Strojnik within the time frames of this application illustrate that Strojnik:

- Used the skill required to perform the legal services properly;
- Provided services necessary to the administration of the case; and
- Performed the services within a reasonable amount of time commensurate with the complexity, importance and nature of each task.

**E. CONCLUSION**

  1. Based upon the foregoing, Strojnik respectfully requests the Court to enter an Order approving:

    a. Final compensation for professional services rendered by Strojnik as special counsel for ARUSI in the amount of $11,976.25

    b. Costs in the amount of $908.26.

6

c. Authorizing the Debtor to pay the fees awarded out of Debtor's funds.

RESPECTFULLY SUBMITTED this 22 day of March, 2006.

PETER STROJNIK, PC

By /s/ Peter Strojnik
Peter Strojnik
Special Counsel for Debtor AR Utility Specialists, Inc.

COPY of the foregoing e-mailed/mailed this 22nd day of March, 2006 to J.P. Morgan Chase Bank; Merchants Bonding Company; the list of 20 largest unsecured creditors; the Office of the United States Trustee for the District of Arizona; and any other persons entitled to notice.

/s/ Christine E. Laurel
Christine E. Laurel

7

1720927.1

# SUMMARY SHEET

| | | | | |
|---|---|---|---|---|
| In re | ) | | | |
| AR Utility Specialists, Inc. | ) | Chapter 11 | Fees Previously Requested | $ |
| | ) | | Fees Previously Awarded | $ |
| | ) | 2:05-10489-GBN | | |
| Debtor. | ) | | Expenses Previously Requested | $ |
| | ) | | Expenses Previously Awarded | $ |
| | | | Retainer Paid | $-0- |
| | | | Draws on Retainer | $-0- |
| | | | Replenishment of Retainer | $-0- |
| | | | Remaining Retainer | $-0- |

NAME OF APPLICANT
Peter Strojnik, P.C.

ROLE IN THE CASE
Special Counsel for Debtor

CURRENT APPLICATION

Fees Requested $11,976.25
Expenses Requested $908.26

## FEE APPLICATION FOR PERIOD FROM JUNE 22, 2005 THROUGH JULY 22, 2005

### AR Utility Specialists, Inc.

| | YEAR ADMITTED TO PRACTICE | HOURS BILLED CURRENT APPLICATION | RATE | TOTAL FOR APPLICATION |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Peter Strojnik | | 36.85 | $325.00 | $11,976.25 |