

40 North Central Avenue
Phoenix, Arizona 85004-4429
Facsimile (602) 262-5747
Telephone (602) 262-5311

Henk Taylor (AZ Bar No. 0016321
Email: htaylor@lrlaw.com
Scott K. Brown (AZ Bar No. 020390)
Email: sbrown@lrlaw.com
Doyle S. Byers (AZ Bar No. 022374)
Email: dbyers@lrlaw.com

Attorneys for AR Utility Specialists, Inc.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | Chapter 11 |
| AR UTILITY SPECIALISTS, INC., an Arizona corporation, | Case No. 05-10489-PHX-GBN |
| Debtor. | **OBJECTION TO APPLICATION OF CSK PARTNERSHIP FOR ALLOWANCE AND PAYMENT OF AN ADMINISTRATIVE CLAIM** |
| EIN: 86-0597466 | |
| | Hearing Date: April 4, 2006<br>Hearing Time: 11:15 a.m.<br>Courtroom: 702 |

AR Utility Specialists, Inc. ("ARUSI"), debtor and debtor-in-possession, objects to the Application of CSK Partnership for Allowance and Payment of an Administrative Claim [DE 161] (the "CSK Claim"). CSK Partnership ("CSK") has been paid in full for all services rendered to ARUSI. Because CSK did not render any services to ARUSI for the 30-day period identified in the CSK Claim, no further amounts are due from the estate. To the extent CSK purported to render services to ARUSI during this period, these services were of no value to ARUSI or its estate. Accordingly, the Court should deny the CSK Claim in its entirety.



**I. Background.**

1. On June 10, 2005 (the "<u>Petition Date</u>"), ARUSI filed a voluntary petition under Chapter 11 of Title 11, United States Code (the "<u>Bankruptcy Code</u>") with the United States Bankruptcy Court for the District of Arizona (the "<u>Court</u>"). ARUSI has retained possession of all its tangible and intangible assets and continued to operate its business pursuant to 11 U.S.C. §§ 1107 and 1108.

2. No trustee or examiner has been appointed in the case. Nor has any committee been formed in this case.

3. Prior to the Petition Date, on or about May 13, 2005, CSK and ARUSI entered into a Consulting Agreement. A copy of the Consulting Agreement is attached as Exhibit "A."

4. Upon information and belief, "CSK" is an acronym of the last names of Raymond Cabreja, Peter Strojnik and Thomas Kummer. It is ARUSI's understanding that Messrs. Cabreja, Strojnik and Kummer are the three general partners of CSK.

5. Under the terms of the Consulting Agreement, CSK agreed to provide management services to ARUSI for a term of three years. ARUSI agreed to pay CSK a flat monthly fee of $15,000 for these services, plus certain housing allowances for Messrs. Cabreja and Kummer. ARUSI further agreed to pay CSK a percentage of ARUSI's gross profits for a five-year period.

6. Paragraph 10 of the Consulting Agreement allowed CSK or ARUSI to terminate the agreement upon 30-days' written notice.

7. After the Petition Date, ARUSI never assumed the Consulting Agreement.

8. For a period of time after the Petition Date, Mr. Cabreja served as ARUSI's President. Mr. Cabreja ceased providing services to ARUSI in October 2005.

9. Mr. Kummer served as ARUSI's chief financial officer until January 8, 2006. On this date, Mr. Kummer tendered his resignation as an officer of ARUSI. Mr.



Kummer also purported to give 30-days' notice of the termination of the Consulting Agreement. A copy of Mr. Kummer's resignation letter is attached as Exhibit "B."

10. ARUSI has fully compensated CSK for the post-petition services of Messrs. Kummer and Cabreja. ARUSI made monthly payments to CSK from the Petition Date through December 2005.

11. Five days after resigning as an officer of ARUSI, on January 13, 2006, Mr. Kummer made a formal offer to purchase ARUSI's core business, ARUSI's electrical engineering division known as the EDM Group.

12. On February 10, 2006, CSK filed the CSK Claim seeking allowance and payment of an administrative expense in the amount of $15,000, plus certain "accrued expenses" that were to be calculated. CSK recites that the $15,000 is due for the "final 30-day period" of its services. CSK asserts this claim is entitled to administrative priority under Bankruptcy Code § 503(b)(1)(A) as an "actual, necessary cost and expense of preserving the estate."

**II. Objection.**

ARUSI has paid CSK in full for all services rendered by Messrs. Cabreja and Kummer through Mr. Kummer's resignation on January 8, 2006.

CSK appears to be claiming it is due $15,000 for the period after January 8, 2006 when Mr. Kummer purported to give notice terminating the Consulting Agreement. Apparently CSK believes it is entitled to this additional month's fee under the Consulting Agreement based on the 30-day notice provision—regardless of whether CSK provided any services to ARUSI after January 8, 2006.

CSK's reliance on the Consulting Agreement is misplaced. The Consulting Agreement is a pre-petition executory contract that ARUSI never assumed. While ARUSI paid CSK for post-petition services at the rate called for in the Consulting Agreement, ARUSI never moved to assume this contract under Bankruptcy Code § 365(a). An



executory contract such as the Consulting Agreement is not binding upon a debtor unless and until it is assumed under Section 365. NLRB v. Bildisco & Bildisco, 465 U.S. 513, 531-32, 104 S.Ct. 1188, 1199 (1984); see also In re El Paso Refinery, L.P., 220 B.R. 37 (Bankr. W.D. Tex. 1998)(discussing pre-assumption enforcement of executory contracts). CSK is not entitled to an additional fee of $15,000 for the 30-day period after January 8, 2006 simply because the Consulting Agreement may have "survived" by its terms for this period of time after Mr. Kummer's January 8, 2006 letter.

If CSK is entitled to an administrative claim in this case, it must first pass the test of Bankruptcy Code § 503(b). Section 503(b)(1)(A) requires a claim must be for the "actual" and "necessary" costs of preserving the estate for the benefit of its creditors. In re Dant & Russell, Inc., 853 F.2d 700, 706 (9th Cir. 1988). CSK has made no such showing in the CSK Claim.

CSK does not describe what services it rendered for which it was not paid. Nor has it explained how these services benefited the estate. Mr. Kummer resigned as an officer of ARUSI on January 8, 2006 and did not provide any services to ARUSI after this date. Less than five days later, Mr. Kummer effectively precluded himself from providing further services to ARUSI by making an offer to purchase assets from ARUSI. At that point, Mr. Kummer could not have advised ARUSI without creating an irreconcilable conflict of interest. CSK is not entitled to be paid anything.

Even assuming CSK has an allowable administrative expense claim, the Court should not order payment of the claim at this time. Pending before the Court are the fee applications of Lewis and Roca, Forrester and Worth, and Peter Strojnik. It does not appear that ARUSI has the ability to pay these applications in full—plus the amount of CSK's application—at this time.



**III. Conclusion.**

Based on the foregoing, ARUSI respectfully requests the Court enter an order:

    A. Denying the CSK Claim in its entirety;

    B. Assuming the Court allows the CSK Claim in whole or in part, stay payment of the CSK Claim at this time; and

    C. Granting such further relief as is just and proper.

RESPECTFULLY SUBMITTED this 29th day of March, 2006.

    LEWIS AND ROCA LLP

By  /s/ HT (061321_____
    Henk Taylor
    Scott Brown
    Doyle Byers
Attorneys for AR Utility Specialists, Inc.

Copy of the foregoing mailed this 29th day
of March, 2006, to:

Elizabeth C. Amorosi
Office of the U.S. Trustee
230 N. First Avenue, Ste. 204
Phoenix, AZ 85003

Robert J. Berens, Esq.
Mann, Berens & Wisner, LLP
2929 North Central Ave, Suite 1600
Phoenix, AZ  85012-2760

Steven N. Berger, Esq.
Engelman Berger, P.C.
3636 North Central Avenue
Suite 700
Phoenix, Arizona  85012-1941

/s/ Jayme Williams