1

TERRY GODDARD
Attorney General

2

Firm Bar No. 14000

3

APRIL THEIS

4

Assistant Attorney General
State Bar No. 020720

5

1275 West Washington Street
Phoenix, Arizona 85007-1298

6

Telephone: (602) 542-8387

7

Fax number:  (602) 542-1726
E-mail:  april.theis@azag.gov

8

Attorney for Arizona Department of Revenue

9

IN THE UNITED STATES BANKRUPTCY COURT

10

IN AND FOR THE DISTRICT OF ARIZONA

11

| In re: | Chapter 11 |
|---|---|
| | |
| AR UTILITY SPECIALISTS, INC. | Case No. 2-05-bk-10489-GBN |
| EIN:  86-0597466 | |
| | **NOTICE OF ARIZONA DEPARTMENT OF REVENUE'S ADMINISTRATIVE EXPENSE CLAIM FOR $66,836.42 AND RESPONSE TO APPLICATIONS FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS FILED BY CSK PARTNERSHIP; LEWIS & ROCA, LLP; FORRESTER & WORTH, PLLC; AND PETER STROJNIK, PC., UNLESS ARIZONA DEPARTMENT OF REVENUE'S CLAIM IS ALSO PAID** |
| Debtor(s). | |
| | Hearing Date:     April 4, 2006 |
| | Hearing Time:    11:15 a.m. |
| | Courtroom:        #702 |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

        The Arizona Department of Revenue ("Department") hereby files notice of the

26

Department's Administrative Expense Claim for $66,836.42 and Limited Objection to the

Applications to allow and pay Administrative Expense Claims filed by CSK Partnership;

Lewis & Roca, LLP; Forrester & Worth, PLLC; and Peter Strojnik, PC, unless the Department's claim is also paid, as follows:

I.  Relevant Factual History.

     1.     The above-captioned Debtor is an entity operating business in the State of Arizona and is required to file tax returns and pay taxes including corporate income, withholding and transaction privilege taxes ("tpt").

     2.     Post-Petition, the Department has an administrative expense claim for $66,836.42, based on the Debtor's failure to pay tpt and withholding taxes for June, August, September, and November of 2005, January of 2006; and withholding taxes for 3rd Quarter of 2005.  A true and accurate copy of the Department's "4th Amended Administrative Expenses Proof of Claim," dated March 23, 2006, is Number 56 on the Claims Register.

     3.     Pre-petition, the Department also has an estimated priority claim for $49,662.77, based on the Debtor's failure to pay tpt for January, February, March, April, and May of 2005; withholding taxes for 4th Quarter of 2004 and 2nd Quarter of 2005; and failure to file and pay corporate income tax returns for 2004.  A true and accurate copy of the Department's "4th Amended Proof of Claim," dated March 23, 2006, is Number 57 on the Claims Register.

     3.     To date, the Debtor has failed to file and pay the outstanding corporate income, withholding and tpt returns as described above.

     4.     On February 10, 2006, Thomas L. Kummer filed an "Application of CSK Partnership for Allowance and Payment of An Administrative Claim."

     5.     On March 22, 2006, Peter Strojnik, PC, special counsel for the Debtor and Debtor in Possession, filed its "First and Final Application for Compensation and

Reimbursement of Expenses."

      6.      On March 22, 2006, Forrester & Worth, PLLC, conflicts counsel for the Debtor and Debtor in Possession, filed its "First Interim Application for Compensation and Reimbursement of Expenses."

      7.      On March 22, 2006, Lewis and Roca, LLP, attorneys for the Debtor and Debtor in Possession, filed its "First Interim Application for Compensation and Reimbursement of Expenses."

II.      The Tax Returns Should Be Filed and Post-Petition Taxes Paid When Any Administrative Expenses are Paid.

      A debtor is required by state law to file tax returns and pay taxes as they come due. A debtor is required to "manage and operate property in his possession" "according to the laws of the state in which property is located." 28 U.S.C. §§ 959(b) and 960. The Debtors are required by Arizona law to file the tax returns in question and pay the taxes timely. Therefore, pursuant to 28 U.S.C. §§ 959 and 960, the Debtors are required to do the same under federal law.

      The outstanding tax returns and post-petition taxes have the same priority as the consulting and attorneys' fees and costs. 11 U.S.C. § 507(A)(1). Accordingly, the returns and taxes should be filed and paid at the same time as the consulting and attorneys' fees and costs.

III.      Conclusion.

      Based on the foregoing, the Department has no objection to the allowance of reasonable administrative expense claims. However, the Department also has post-petition administrative expense claims, which share the same priority, and therefore requests that the Court deny any Applications for immediate payment unless the Department's administrative claim is also paid.

1

2

3

DATED this 29th Day of March, 2006.

4

5
TERRY GODDARD
Arizona Attorney General

6

7
/s/ ATHEIS No. 020720
April Theis

8
Assistant Attorney General
Attorney for the Arizona Department of Revenue

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

ORIGINAL of the foregoing
4 filed electronically March 29, 2006
with:
5

6 United States Bankruptcy Court
Phoenix Division
7 230 North 1st Avenue, Suite 101
Phoenix, Arizona 85003-1706
8

9 COPY of the foregoing sent for
mailing March 29, 2006 to:
10

Doyle S. Byers
11 Lewis and Roca LLP
40 North Central Avenue
12 Phoenix, Arizona 85004
13 Attorney for Debtor

14 Steven N. Berger
Engelman Berger, P.C.
15 3636 North Central Avenue, Suite 700
16 Phoenix, Arizona 85012
Attorney for CSK Partnership
17

Peter Strojnik
18 Peter Strojnik, P.C.
19 3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
20 Special Counsel for Debtor

21
John Worth
22 Forrester & Worth, P.L.L.C.
3636 North Central Avenue, Suite 700
23 Phoenix, Arizona 85012
Special Counsel for Debtor
24

25 Elizabeth C. Amorosi
Office of the U.S. Trustee
26 230 North First Avenue, Suite 204
Phoenix, Arizona 85003
Attorney for the United States Trustee

1

2
/s/Mahtash Khaksari
469004/BCE05-1028

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26