

40 North Central Avenue
Phoenix, Arizona 85004-4429
Facsimile (602) 262-5747
Telephone (602) 262-5311

Henk Taylor (AZ Bar No. 0016321
Email: htaylor@lrlaw.com
Scott K. Brown (AZ Bar No. 020390)
Email: sbrown@lrlaw.com
Doyle S. Byers (AZ Bar No. 022374)
Email: dbyers@lrlaw.com

Attorneys for AR Utility Specialists, Inc.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | Chapter 11 |
| AR UTILITY SPECIALISTS, INC., an Arizona corporation, | Case No. 05-10489-PHX-GBN |
| Debtor. | **OBJECTION TO FEE APPLICATION OF PETER STROJNIK, PC** |
| EIN: 86-0597466 | [Relates to Dkt. 188] |

AR Utility Specialists, Inc. ("<u>ARUSI</u>"), debtor and debtor-in-possession, objects to the First and Final Application for Compensation and Reimbursement of Expenses of Peter Strojnik, PC [DE 188] (the "<u>Application</u>"). The services detailed in the Application did not benefit the estate or were duplicative of services already being provided by ARUSI's bankruptcy counsel, Lewis and Roca, LLP ("<u>Lewis and Roca</u>"). Even if Peter Strojnik, PC ("<u>Strojnik</u>") has an allowed administrative claim, that claim should not be paid until potential claims of the estate against Strojnik are resolved. ARUSI therefore respectfully requests the Court deny the Application.



**I. Background.**

1. On June 10, 2005 (the "Petition Date"), ARUSI filed a voluntary petition under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Arizona (the "Court"). ARUSI has retained possession of all its tangible and intangible assets and continued to operate its business pursuant to 11 U.S.C. §§ 1107 and 1108.

2. No trustee or examiner has been appointed in the case. Nor has any committee been formed in this case.

3. An Application for Authority to Employ Strojnik [DE 46] (the "Employment Application") was filed with this Court on June 28, 2005. According to the Employment Application, Strojnik was being employed as special counsel to provide: (a) "general corporate counsel services" and (b) litigation services relating to two state court actions involving ARUSI, Cynthia Reynoso and others.

4. In the Employment Application, Strojnik disclosed that on June 9, 2005—the day before the Petition Date—he received a payment of $39,000 from ARUSI for pre-petition services.

5. In the Employment Application, Strojnik disclosed that June 9, 2005, ARUSI transferred $21,623.72 to CSK Partnership ("CSK"). Upon information and belief, "CSK" is an acronym of the last names of Raymond Cabreja, Peter Strojnik and Thomas Kummer. It is ARUSI's understanding that Messrs. Cabreja, Strojnik and Kummer are the three general partners of CSK. This June 9, 2005 payment from ARUSI to CSK Partnership was for pre-petition consulting services.

6. Prior to the Petition Date, ARSUI and CSK Partnership entered into a Consulting Agreement whereby CSK agreed to provide management services to ARUSI for a term of three years. ARUSI agreed to pay CSK a flat monthly fee of $15,000 for these services, plus certain housing allowances for Messrs. Cabreja and Kummer. ARUSI



further agreed to pay CSK a sum of 25 percent of ARUSI's gross profits for a five-year period.

7. Prior to the Petition Date, in May 2005, Strojnik advised ARUSI in regards to an attempted merger between ARUSI and Binary Mass Propulsion Systems, Inc. ("<u>Binary Mass</u>"). In response to this attempted merger, Cynthia Reynoso sued ARUSI in Maricopa County Superior Court and obtained a TRO against the company.

8. After the Petition Date, Cynthia Reynoso, through her divorce counsel in the pending divorce proceeding between Cynthia and Alejandro Reynoso, sought extensive discovery from ARUSI relating to the attempted merger advised by Strojnik. ARUSI was forced to incur attorney fees and costs defending against Cynthia Reynoso's efforts to pierce ARUSI's attorney-client and account-client privilege through this state court discovery.

9. In the Application, Strojnik seeks allowance and payment of $11,976.25 in fees and $908.26 in costs. These fees and costs were incurred between June 10 to July 22, 2005. According to the "Statement of Account" attached to the Application, Strojnik provided 36.85 hours of services in three areas: "Bankruptcy," "General" and in relation to litigation between ARUSI and Cynthia Reynoso and others.

10. As stated in the Application, ARUSI has not approved Strojnik's Application.

**II. Objection.**

ARUSI makes the following objections to the Application:

1. **No Benefit to the Estate.**

Strojnik's services after June 10, 2005 did not provide any benefit to ARUSI's estate. Certain services detailed in Strojnik's Statement of Account were duplicative and unnecessary in light of Lewis and Roca's employment as counsel for ARUSI. For example, Strojnik has billed ARUSI for 8.55 hours of services relating to



ARUSI's bankruptcy filing. Lewis and Roca was already advising ARUSI on such matters.

As for Strojnik's time spent on "general" corporate matters (23.05 hours), his services were of no value. From Strojnik's billing narratives, it appears that Strojnik simply attended various business meetings within ARUSI. At that point, there was not significant "corporate" legal issues facing the company as the merger with Binary Mass had been undone pre-petition and, at this early stage of the bankruptcy case, there was no need to strategize about a corporate restructuring of ARUSI in bankruptcy.

As for the remainder of Strojnik's time spent on the litigation with Cynthia Reynoso (5.85 hours), his work did not advance ARUSI's interests in this litigation.

In short, because Strojnik's services did not benefit the estate, ARUSI requests the Court deny allowance of any administrative expense for Strojnik.

**2.  Potential Preference Claims Against Strojnik.**

Even if Strojnik has an allowed administrative expense, that expense should not be paid unless and until certain potential preference claims against Strojnik are resolved.

As noted above, Strojnik received a $39,000 payment from ARUSI the day before the Petition Date. CSK also received a $21,623.72 payment that same day. Strojnik is a general partner of CSK; and under Arizona law is liable for the partnership's debts.

On their face, these two payments are potentially preferential payments that are subject to avoidance under Bankruptcy Code §§ 547 and 550. At this point, ARSUI cannot tell whether it will be necessary for the estate to pursue this and other preference claims in this case. But until these claims are resolved—either through litigation, a plan or otherwise—the Court should preserve ARUSI's ability to recover any preferential



payment to Strojnik and CSK by withholding payment on any allowed administrative expense of Strojnik.

**3. No Payment Until Other Fee Applications Are Paid.**

In addition to Strojnik's Application, there is pending before the Court the fee applications of Lewis and Roca and Forrester and Worth. At this point, there are not sufficient funds in the estate to pay the expected administrative claims of Lewis and Roca (after application of Lewis and Roca's retainer) and Forrester and Worth. Any allowed administrative expense of Strojnik should not be paid until the estate is in a position to pay these other professionals as well.

**4. Reservation of Rights Against Strojnik.**

In addition to potential preference claims, ARUSI believes the estate may have other claims against Strojnik arising from his involvement with ARUSI prior to the Petition Date. At this point, ARUSI has not analyzed these claims. Even if there are grounds for asserting any claims, ARUSI does not know whether it would be in the estate's interest to assert such claims.

At this time, however, ARUSI does not want any order entered by this Court on the Application to have any *res judicata* or preclusive effect on any claim ARUSI may have against Strojnik. Accordingly, if the Court concludes Strojnik has an allowed administrative expense in this case, ARUSI requests that the Court's order allowing such expense make clear that it will not have any preclusive effect on claims against Strojnik and that the estate is fully reserving its rights on such claims.

**III. Conclusion.**

Based on the foregoing, ARUSI respectfully requests the Court enter an order:

A. Denying the Application in its entirety;



B. Assuming the Court allows the Application in whole or in part, staying payment of the allowed amount at this time;

C. If the Court allows the Application in whole or in part, clarifying that the Court's ruling will not have any preclusive effect on any claim of the estate against Strojnik; and

D. Granting such further relief as is just and proper.

RESPECTFULLY SUBMITTED this 12th day of April, 2006.

LEWIS AND ROCA LLP

By /s/ HT (061321
Henk Taylor
Attorneys for AR Utility Specialists, Inc.

Copy of the foregoing mailed this 12th day
of April, 2006, to:

Elizabeth C. Amorosi
Office of the U.S. Trustee
230 N. First Avenue, Ste. 204
Phoenix, AZ 85003

Robert J. Berens, Esq.
Mann, Berens & Wisner, LLP
2929 North Central Ave, Suite 1600
Phoenix, AZ 85012-2760

Peter Strojnik
Peter Strojnik, P.C.
3030 N. Central Avenue
Suite 1401
Phoenix, AZ 85012

/s/ Jayme Williams