Thomas L. Kummer
Pro Se
2164 Siesta Avenue
Las Vegas, Nevada 89169
Telephone: 775-338-3705
Facsimile: 717-386-1239
Reno4829@aol.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>AR UNILITY SPECIALISTS, INC. an Arizona corporation<br><br>Debtor.<br><br>EIN: 86-0597466 | Chapter 11<br><br>Case No. 05-10489-PHX-GBN<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION TO APPOINT A CHAPTER 11 TRUSTEE** |

Now comes Thomas L. Kummer, pro se, and submits the following in support of the United States Trustee's Motion To Appoint A Chapter 11 Trustee in anticipation of the continued hearing on such Motion scheduled for May 24, 2007. Kummer respectfully submits to the Court:

The Hearing On May 17, 2007 Continued To May 24, 2007

1. The Motion of the United States Trustee was heard along with Kummer's Motion on May 17, 2007. The Court continued the hearing until May 24, 2007 to allow potential counsel for the Debtor-In-Possession more

1

time to review previous filings of Kummer in support of the U.S. Trustee's Motion.

2. At the hearing on May 17, 2007 the Court requested the parties address what the Court suggested were competing concerns between: i) the need of the Estate for protection and oversight through the appointment of a Trustee; and ii) the desire to continue operations of the Debtor and the need for the services of Mr. Reynoso for the successful operations of the Debtor.

3. Kummer suggests that there is no inconsistency between the concerns of the Court for the protection of the Estate and continuing operations of the Debtor, and that the appointment of a Chapter 11 Trustee is the only viable solution to the issues presented.

## Limitations Issues

4. An important concern for the Estate is the expiration of the statute of limitations contained in Bankruptcy Code Section 546(a) on claims which are assets of the Estate. The statute of limitations on such claims will expire on June 10, 2007[1] absent the appointment of a Trustee[2].

---

[1] Two years from the order for relief under Chapter 11 pursuant to the Petition.
[2] It was suggested at the hearing by potential counsel to the Debtor-In-Possession that waiver of the statute of limitations or a tolling agreement could be obtained from Mr. Reynoso. The claims which are listed in the Petition Schedules include individuals and entities for which Mr. Reynoso cannot waive the statute of limitations, and there may be other claims not yet identified which cannot be preserved by a waiver or tolling agreement from Mr. Reynoso.

2

5.   The only effective way to extend the statute of limitations is by appointment of a Trustee. There is not adequate time before June 10, 2007 for new potential counsel for the Debtor-In-Possession or anyone else to evaluate the potential claims and bring appropriate adversary proceedings to protect the Estate.[3]

6.   Section 546(a)(1)[4] makes clear that by appointing a Trustee before June 10, 2007 the limitations period with respect to claims of the Estate arising under Bankruptcy Code Sections 544, 545, 547, 548, or 553 is extended one year from the date of appointment of the Trustee. The appointment of a Trustee therefore protects all concerned and does not rely upon obtaining waivers or tolling agreements from the parties against whom claims may be available.[5]

---

[3] The law firm of Lewis and Roca has no doubt evaluated the claims and recommended appropriate action to the Debtor-In-Possession over the last eighteen months while serving as counsel to the Debtor. Lewis and Roca has withdrawn. The exact reasons are not clear. The Application To Withdraw cited "professional concerns in regards to the estate" and noted the expiration of critical statutes of limitations arising under Bankruptcy Code Section 546(a) as well as Section 108. Lewis and Roca made clear actions had not been filed with respect to these claims which are about to expire.

[4] The relevant provisions of Bankruptcy Code Section 546 read as follows:
"Sec. 546. Limitations on avoiding powers
   (a) An action or proceeding under section 544, 545, 547, 548, or
   553 of this title may not be commenced after the earlier of –
      (1) the later of –
         (A) 2 years after the entry of the order for relief; or
         (B) 1 year after the appointment or election of the first
            Trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
   (2) the time the case is closed or dismissed."

[5] Bankruptcy Code Section 108 with respect to State law claims does not appear to provide an extension by virtue of appointment of a Trustee. However, most of the claims identified in the Petition Schedules could likely be brought under the sections of the Bankruptcy Code referenced in Section 546(a).

3

8. The appointment of a Trustee, unlike the appointment of a Special Master[6] or Examiner, solves the most important limitations issues and is the only thing the Court can do to protect the assets of the Estate.

## Trustee Or Examiner

9. The Bankruptcy Code Section 1104 provides for appointment of a Trustee or Examiner.[7] The considerations for appointing either a Trustee or an Examiner are essentially the same.

---

[6] The Court referred to a "Special Master" but Kummer believes the Court was referencing the appointment of an Examiner under Code Section 1004 as addressed below.

[7] The relevant provisions are as follows:
"Sec. 1104. Appointment of Trustee or Examiner
   (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of a Trustee -
      (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
      (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor...
   (c) If the court does not order the appointment of a Trustee under this section, then at any time before the confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of an Examiner to conduct such an investigation of the debtor as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor, if

      (1) such appointment is in the interests of creditors, any equity security holders, and other interests of the estate; or
      (2) the debtor's fixed, liquidated, unsecured debts, other than Debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000."

4

9.  The difference between a Trustee and an Examiner is the respective powers and functions granted by the Bankruptcy Code. A Trustee can <u>act</u> for the benefit of the Estate. Unless the Court specifically orders otherwise, an Examiner can only <u>investigate</u> and report. Bankruptcy Code Section 1106 describes the powers and responsibilities of both Examiners and Trustees.[8]

---

[8] The relevant provisions of Bankruptcy Code Section 1106 are as follows:
"Sec. 1106. Duties of Trustee and Examiner
 (a) A Trustee shall –
  (1) perform the duties of a Trustee specified in sections 704(2), 704(5), 704(7), 704(8), and 704(9) of this title;
  (2) if the debtor has not done so, file the list, schedule, and statement required under section 521(1) of this title;
  (3) except to the extent that the court orders otherwise, investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan;
  (4) as soon as practicable -
   (A) file a statement of any investigation conducted under paragraph (3) of this subsection, including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of action available to the estate; and
   (B) transmit a copy or a summary of any such statement to any creditors' committee or equity security holders' committee, to any indenture Trustee, and to such other entity as the court designates;
  (5) as soon as practicable, file a plan under section 1121 of this title, file a report of why the Trustee will not file a plan, or recommend conversion of the case to a case under chapter 7, 12, or 13 of this title or dismissal of the case;
  (6) for any year for which the debtor has not filed a tax return required by law, furnish, without personal liability, such information as may be required by the governmental unit with which such tax return was to be filed, in light of the condition of the debtor's books and records and the availability of such information; and
  (7) after confirmation of a plan, file such reports as are necessary or as the court orders.
 (b) An Examiner appointed under section 1104(d) of this title shall perform the duties specified in paragraphs (3) and (4) of subsection (a) of this section, and, except to the extent that the court orders otherwise, any other duties of the Trustee that the court orders the debtor in possession not to perform."

5

10. Three essential reasons for appointment of a Trustee or Examiner are before the Court. An evaluation of each indicates a Trustee empowered to act on behalf of the Estate is far more likely to protect the Estate than an Examiner.

    a.     <u>Claims Of The Estate.</u> It is clear that the claims which need to be pursued on behalf of the Estate are in part against Alejandro Reynoso and his family. An Examiner could not pursue these claims over the objection of Mr. Reynoso since he controls the Debtor-In-Possession. Even if an Examiner identifies the claims and determines them to be valid, no Examiner can investigate the claims, report to the Court, and seek the Court's assistance in assuring any necessary adversary proceedings are filed before the expiration of the statute of limitations in less than a month from appointment.

    b.     <u>Continued Operating Losses.</u> The operations of the Debtor could not be supervised or modified by an Examiner over the objections of Alejandro Reynoso. The Reports to the U.S. Trustee indicate continuing substantial losses from operations. Only a Trustee would have the ability to fully evaluate operations and affect changes if ongoing operations are determined to be viable. Obviously, the Debtor-In-Possession has not demonstrated the ability to identify what needs to be done or to execute changes necessary to make the Debtor profitable in almost two years.[9]

---

[9] Kummer points out to the Court that on Exhibit A attached to the Affidavit submitted with Kummer's Memorandum In Support Of U.S. Trustee's Motion For Appointment Of Chapter 11 Trustee there was an error in the presentation of information from the Reports. For the month December 2006, Kummer inadvertently overstated the Gross Profit From Operations reported by the Debtor by $1,000. Also, on the Balance Sheet for January, 2007 a $500 error was inadvertently made in presenting the Notes Receivable. Additionally, Exhibit A corrects mathematical mistakes contained in the Reports themselves. None of these matters is considered material. The combined decline in the value of Total Assets and increase of

c. <u>Plan Of Reorganization.</u> A Trustee can propose a plan of reorganization for the Debtor if one is possible. An Examiner cannot. It is obvious that the Debtor-In-Possession has not been able to produce a plan of reorganization in almost two years, even with the assistance of excellent counsel. The continuing operating losses and increased post-petition debt suggest that no such plan can be proposed. It is most advantageous to the Estate to determine quickly if a viable plan can be developed before the accrual of additional post-petition indebtedness. Only a Trustee can move the Debtor toward such a determination. An Examiner would have no role in considering a plan of reorganization unless the Court specifically removes that responsibility from the Debtor-In-Possession.

## Appointment Of A Trustee Would Not Harm The Business

11. Conversion to Chapter 7 is not at issue here. A Chapter 11 Trustee would be tasked with operating the business, and can employ the current Debtor-In-Possession staff including Mr. Reynoso. If Mr. Reynoso has an interest in preserving the Debtor so it can emerge from Chapter 11, he will provide all the assistance he can to the Trustee. The benefit of Mr. Reynoso's expertise will not inevitably be lost to the Debtor by appointment of a Trustee.

---

Total Liabilities since the Petition Date is $1,690,859.37 after correcting Exhibit A. This reflects substantial and continuing losses in the Estate through March 31, 2007. The Estate has diminished by almost $1.7 Million since the Petition Date.

7

12. If the Debtor can file a plan of reorganization or the Court is satisfied that the Estate no longer needs the involvement of a Trustee, the Trustee can be removed and the Debtor-In-Possession reinstated at any time.[10]

## Conclusion

The competing interests articulated by the Court at the hearing on May 17, 2007 are fully reconciled and accommodated by the appointment of a Trustee. The appointment of a Trustee can accomplish all of the goals set forth by the Court:

1. The appointment of a Trustee will extend the statute of limitations on the claims which will otherwise expire June 10, 2007 by operation of law without the need to depend upon waivers or tolling agreements.

2. A Trustee can continue the business and continue Mr. Reynoso's employment.

3. A Trustee can determine if a reorganization plan can be proposed without disrupting the operations.

---

[10] "Sec. 1105. Termination of Trustee's appointment
At any time before confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and a hearing, the court may terminate the Trustee's appointment and restore the debtor to possession and management of the property of the estate and of the operation of the debtor's business."

8

4. A Trustee can be removed and the Debtor-In-Possession restored once the Estate has been preserved if continuation in Chapter 11 is warranted.

Clearly, each and every creditor hopes the Debtor will emerge from Chapter 11 under a full pay-out reorganization plan and that ultimately the shareholders will end up with a strong and vibrant company free from debt. The Debtor cannot achieve this ultimate end without the appointment of a Trustee immediately. Unless the assets are garnered, the operations evaluated, and a plan of reorganization proposed, the Estate cannot emerge from Chapter 11. The result of failure to garner the assets, continued losses, and deferral of a determination whether the Debtor can be reorganized will be that the creditors will receive very little and the shareholders will gain nothing.

Respectfully submitted the 22nd day of May, 2007

*Thomas Kummer* /s/
Thomas L. Kummer, Pro Se