Thomas L. Kummer
2164 Siesta Avenue
Las Vegas, Nevada 89169
775-338-3705
reno4829@aol.com
Proposing Creditor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

AT PHOENIX

| | |
|---|---|
| In the Matter of: | Case No. 2:05-bk-10489 GBN |
| AR Utilities Specialists, Inc., an Arizona Corporation | Chapter 11 |
| Debtor | Creditor's Motion For Approval Of Reorganization Plan |

Thomas L. Kummer, an Administrative Creditor of the above-entitled Bankruptcy Estate (the "Proposing Creditor"), hereby respectfully moves the Court for an Order approving the Plan of Reorganization (the "Plan") and Disclosure Statement attached hereto.[1] Upon notice and hearing, after considering all objections and proposed modifications to the Plan or the Disclosure Statement, the Proposing Creditor requests the Court to allow solicitation of agreement to the Plan by those creditors falling within a class

---

[1] This Motion is filed electronically by Peter Strojnik, Esq. as a courtesy to Thomas L. Kummer, who appears pro se and who does not have the capability to file electronically on his own.

1

which is impaired or otherwise must consent to the adoption of the Plan.[2]

This Motion is supported by the entire record of this case, and more specifically by the attached Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. FACTUAL BACKGROUND.

    a. On June 10, 2005 (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

    b. Despite the passage of over two years, the Debtor has not filed a Disclosure Statement or Plan of Reorganization.

    c. On May 24, 2007 the Court appointed Mr. Dale Ulrich Chapter 11 Trustee thereby ending the Debtor-In-Possession of Alejandro Reynoso which commenced in June, 2005. The Trustee continued the employment of Mr. Reynoso.

    d. The Trustee has neither moved to convert the case to Chapter 7 nor proposed a reorganization plan for the Debtor in over three months of his trusteeship.

---

[2] References to classes of creditors is based upon the classification set forth in the Plan of Reorganization of AR Utilities Specialists, Inc. attached hereto.

2

II. **LEGAL ANALYSIS.**

A. <u>The Proposing Creditor Has Met The Requirements For Filing A Plan Of Reorganization.</u> The Proposing Creditor is authorized pursuant to Bankruptcy Code Section 1121(c) to file a plan of reorganization for the Debtor. The Proposing Creditor is a creditor, a trustee has been appointed under Chapter 11, and the Debtor has not filed a plan.

B. <u>Classification Of Claims Or Interests.</u> The Plan classifies the claims in the case as required by Section 1122 of the Bankruptcy Code. All of the claims grouped into each class are substantially similar to the other claims in such class. Thus, the Plan includes a class for secured claims; a class consisting of Post-petition tax liabilities; a class consisting of other approved administrative claims pursuant to Bankruptcy Code Section 503; and a class consisting of unsecured claims[3]. Furthermore, the claims of the various classes are identified which are impaired under the Plan in accordance with Bankruptcy Code Section 1123(a). The same treatment is provided for each claim of a particular class.[4]

---

[3] According to the Reports of the Debtor to the Court and the United States Trustee there are no secured Pre-petition claims.
[4] The exact claimants and the quantum of claims in each class cannot be computed with exactitude. Therefore, it will be necessary to determine the makeup of each class at the time of confirmation of the Plan.

3

Case 2:05-bk-10489-GBN    Doc 417    Filed 08/30/07    Entered 08/30/07 11:12:57    Desc
Main Document    Page 3 of 16

C.  **Implementation Of The Plan.** The Plan is a liquidating plan and calls for the sale of all assets of the Debtor to a newly formed entity with the Proposing Creditor as the principal of the Purchaser as permitted by Code Section 1123(a)(5). The Plan calls for the issuance of securities of the Purchaser, in the form of secured promissory notes, to the claimants included in Class 3, and the payment of the secured class and Post-petition tax claims at the Effective Date of the Plan. The Plan further provides for the Purchaser to assume the existing lease on the premises now occupied by the Debtor thereby precluding a default thereon. The provisions of the Plan are therefore consistent with Bankruptcy Code Section 1123(b). The purchase price to be paid by the Purchaser is fixed. Since the exact amount of the claims to be paid under the plan in cash to secured creditors and taxing authorities and the amount of cash which may be required to pay dissident Administrative Claimants at the Effective Date is uncertain, a secured promissory note will be issued to the Trustee to bring the total paid by the Purchaser to the purchase price if the Purchaser has not already paid an amount in the form of cash or issuance of promissory notes equal to the full purchase price.

D.  **Impaired Classes.** The impairment of the various classes described in the Plan can be summarized as follows:

4

i. Class 1 consists of secured creditors. This class is not impaired because the Plan requires payment in full of the secured claims as determined by the Court to the extent of the value of the security at the Effective Date of the Plan.

ii. Class 2 consists of Post-petition tax claims. This class is not impaired because the Plan requires payment in full of these tax claims as determined by the Court at the Effective Date of the Plan.

iii. Class 3 consists of Administrative Claims approved by the Court in accordance with Bankruptcy Code Section 503. This class is impaired because the Plan calls for the issuance of secured promissory notes to this class and the payment of such Administrative Claims in full over time with the accrual of interest[5].

iv. Classes 4 and 5, which include all unsecured Pre-petition claims are unimpaired under the Plan because the Plan does not otherwise alter the legal, equitable, or contractual rights to which such claims are entitled. The claims in these classes are clearly below the liquidation preferences values. No valuation, therefore, of the business is

---

[5] See discussion below. Administrative claimants are required by the Bankruptcy Code to be paid in full in cash or consent to different treatment before a plan can be approved. Thus, agreement of the Administrative Claimants as a class will not be sufficient to approve the Plan. Provision is made for limited cash payments to dissenting members of Class 3 so that one Administrative Claimant cannot effectively automatically defeat approval of the Plan.

5

necessary because the Debtor is clearly insolvent, and in liquidation the claims in these classes would receive nothing in liquidation under Chapter 7.

E. <u>Post-petition Disclosure And Solicitation Pursuant to Bankruptcy Code Section 1125(a).</u> The proposed Disclosure Statement attached to this Motion provides adequate information of a kind, and in sufficient detail, to enable a hypothetical reasonable investor typical of the holder of claims of the impaired class to make an informed judgment about the Plan.

The ultimate question for the members of the impaired class is whether they are benefited from the Plan or from one of the two alternatives: liquidation under Chapter 7 or continuation of operations pursuant to Chapter 11. Although the Proposing Creditor does not have access to the books and records of the Debtor, the Proposing Creditor has principally utilized the Reports filed with the Court and the United States Trustee to fully describe the financial condition of the Debtor, the prospects for each alternative to the Plan, and the risks of proceeding in accordance with the Plan. Under the circumstances, reliance upon the Reports is sufficient to provide a detailed analysis which has, in effect, the certification of the Debtor as to the accuracy of the underlying data.

6

No creditors of the Debtor have been solicited with respect to the Plan, and the Proposing Creditor seeks hereby approval of the Disclosure Statement for dissemination to the members of the impaired class to solicit their approval of the Plan. Importantly, it is not necessary for the Court to order a valuation or appraisal of the Debtor's assets before approving the Disclosure Statement. Bankruptcy Code section 1125(b). Furthermore, Bankruptcy Code Section 1125(e) contemplates the formation of a newly organized entity in developing a reorganization plan, and the description of such an entity is by nature limited. The description of the Purchaser in the Disclosure Statement is considered adequate under the circumstances.

The Proposing Creditor proposes to utilize the same Disclosure Statement for all classes, and to provide the Disclosure Statement only to the members of the impaired class in soliciting approval of the Plan.

F. <u>Acceptance Of The Plan.</u> The only impaired class is Class 3 – Administrative Claims. The only members of the impaired class are those with approved claims pursuant to Bankruptcy Code Section 503 at the Effective Date. Only the claimants included in Class 3 are to receive the Disclosure Statement in accordance with Bankruptcy Act Section 1126(f)

and (g). The Plan will, therefore, be deemed accepted if the claimants designated as Class 3 accept the Plan.[6]

G. The Plan Is Subject To Confirmation Pursuant To Bankruptcy Code Section 1129. The Plan complies with the applicable provisions of the Bankruptcy Code[7] and the Proposing Creditor complies with the applicable provisions of the Bankruptcy Code[8]. The Plan has been proposed in good faith and not by means forbidden by law[9]. The payments and delivery of securities under the Plan are subject to approval of the Court[10]. There will be no change in the directors, officers, or Trustee of the Debtor upon confirmation of the Plan, and the Purchaser has been described to the greatest extent possible. No insider will have an interest in the Purchaser. Those insiders employed by the Trustee will presumably cease to be so employed in the operations of the Debtor once the Plan is confirmed[11].

Under the Plan each creditor and interest holder will receive the property of a value not less than such creditor would receive if the Debtor were liquidated under Chapter 7[12].

---

[6] Since the members of Class 3 hold Administrative Claims which must be paid in cash for the Plan to be approved unless they agree to different treatment, the usual rules for approval by a class of creditors are not the same, as discussed below.
[7] Bankruptcy Code Section 1129(a)(1).
[8] Bankruptcy Code Section 1129(a)(2).
[9] Bankruptcy Code Section 1129(a)(3).
[10] Bankruptcy Code Section 1129(a)(4).
[11] Bankruptcy Code Section 1129(a)(5).
[12] Bankruptcy Code Section 1129(a)(7). Bankruptcy Code Section 1129(a)(6) is inapplicable to the Debtor. There are no claims arising under Bankruptcy Code Section 1111(b)(2).

8

With respect to Bankruptcy Code Section 1129(a)(9), the approval of all Class 3 claimants[13] is required for approval of the Plan. If Administrative Claimants dissent from the Plan, the Plan requires the Purchaser to pay up to fifty thousand dollars ($50,000) cash to satisfy the claims of dissenting Administrative Claimants. If more cash is required to satisfy the claims of dissenting Administrative Claimants, the Plan will not be approved. Currently, the members of Class 3 are the Proposing Creditor and Lewis and Roca, former attorneys for the Debtor. The Trustee and Trustee's counsel may also become members of Class 3 if their claims for fees are submitted to and approved by the Court prior to Confirmation of the Plan. Provision is made for payment of an amount estimated to exceed the reasonable fees and costs of the Trustee and counsel in cash at the Effective Date if they dissent from the Plan. It is assumed in the Plan that all amounts owed to Post-petition creditors will be paid to the extent that they have claims approved in accordance with Bankruptcy Code Section 503 on the Effective Date of the Plan.

Other aspects of the Plan meet the criteria of Bankruptcy Code Section 1129 as follows:

---

[13] Claimants with claims approved by the Court in accordance with Bankruptcy Code Section 503.

9

Case 2:05-bk-10489-GBN    Doc 417    Filed 08/30/07    Entered 08/30/07 11:12:57    Desc
Main Document    Page 9 of 16

i. Under the Plan, the members of Class 3 and the Trustee[14] will receive promissory notes secured by the assets of the Purchaser. It is not likely that the Debtor, after sale of all of its assets to the Purchaser, will need further financial reorganization. As to the Purchaser, liquidation is proposed if the provisions of the promissory notes are violated.[15]

ii. The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under the plan, even if such class does not approve the Plan[16]. All classes of secured claims will be paid in full on the Effective Date to the extent of the value of the collateral for the obligations of the Debtor to such secured claimants. As to unsecured claims, the Plan provides that each holder of a claim will receive property of a value, as of the Effective Date of the Plan, and no interest that is junior to such unsecured claims will receive anything under the Plan.[17]

iii. There is no other plan proposed by the Debtor or any other party.[18]

---

[14] The Trustee on behalf of the Estate may or may not receive a promissory note. Only if the payments in cash and promissory notes to members of Class 3 do not equal the purchase price will the Purchaser issue a promissory note to the Trustee.
[15] See Bankruptcy Code Section 1129(a)(11).
[16] Bankruptcy Code Section 1129(b)(2)(A).
[17] Bankruptcy Code Section 1129(b)(2)(B) and (C).
[18] Bankruptcy Code Section 1129(c).

10

iv.  The principal purpose of the Plan is not the avoidance of taxes.[19]

It is not necessary for the Court to consider whether the Plan is "fair and equitable" for any class which is unimpaired under the Plan. The current situation is somewhat unique in that there are no impaired Pre-petition classes and the secured creditors are not impaired[20]. The only class "impaired" is Class 3 consisting of Administrative Creditors. No member of this class can be forced to accept less than payment in full in cash at the Effective Date of the Plan no matter how fair and equitable the Plan may be.

There is good reason to believe that the Administrative Claimants of Class 3 will find acceptance of the Plan in their benefit, however. The Disclosure Statement contains a liquidation analysis which shows no Pre-petition class will receive any payment on their claims in liquidation in any event. However, liquidation will effectively increase the Administrative Claims thereby further diluting the claims included in Class

---

[19] Bankruptcy Code Section 1129(d).
[20] The only secured creditor remaining unpaid is Merchants Bonding Company. Merchants Bonding Company has a secured claim with respect to all assets of the Debtor which arises Post-petition through a series of orders allowing the Debtor to use cash collateral in which Merchants Bonding Company had a security interest. These Post-petition claims will be paid in full at the Effective Date of the Plan. With respect to Pre-petition claims, Merchants Bonding Company was secured by proceeds from the projects for which Merchants Bonding Company provided a payment and performance bond. Merchants Bonding Company, it is believed, has received the full value of its collateral for Pre-petition secured claims.

11

3 under the Plan.[21] It is unnecessary to recount all of the factors which make liquidation or continued operations infeasible here, but essentially the breach of the lease on the Debtor's premises, the continued accrual of fees for the Trustee and Trustee's counsel, and continued accrual of Post-petition operating debt will inevitably erode the position of the members of Class 3 and further assure nothing will be paid to the Pre-petition creditors. Acceptance of the Plan is the only way for the Administrative Claimants to preserve and protect their position.

If the "fair and equitable" test is applied, it is clear that the Plan does not discriminate unfairly with respect to any class[22]. No class will receive more than 100% of its claims in the aggregate, and no subordinate class will receive anything over an intervening dissenting class. No secured class is impaired. If necessary, the Proposing Creditor will request that the Plan be approved without an affirmative vote of any Class except the Administrative Claimants.

G. <u>Effect Of Confirmation Of The Plan.</u> The property transferred to the Purchaser will be transferred free and clear upon confirmation of the Plan.[23] The securities issued by the Purchaser in the form of promissory

---

[21] See "Alternatives To Confirmation And Consummation Of The Plan" in the Disclosure Statement.
[22] See Bankruptcy Code Section 1129(b)(2).
[23] Bankruptcy Code Section 1141(c).

notes will be secured by all assets of the Purchaser, and the Pre-petition creditors and shareholders will have their interests expunged.[24]

H. <u>Implementation Of The Plan.</u> It is contemplated that the Court will supervise the implementation of the Plan, including review and approval of the necessary documents and instruments to effect the Plan. There are a variety of documents which must be developed between the Bankruptcy Estate and the Purchaser in implementing the Plan. Once the transfer of assets and assumption of liabilities is completed, however, implementation of the Plan will essentially hinge upon the relationship between the Purchaser and the promissory note holders. The Court is expected to continue to exert jurisdiction on all aspects of that relationship as well as the adversary proceedings now pending or brought in the future by the Purchaser to enforce its rights to the assets of the Debtor after approval of the Plan.

I. <u>Notice And Hearing With Respect To Approval Of The Disclosure Statement And Distribution Of The Disclosure Statement Upon Approval.</u> Bankruptcy Rules 3016 through 3020 govern the procedure for

---

[24] Bankruptcy Code Section 1141(d)(1) except to the extent of claims governed by 1141(d)(3). The claims of CNA Insurance based on fraud of the Debtor-In-Possession in submitting false and fraudulent insurance claims would probably not be discharged. Such claims have yet to be asserted in this case, and if asserted will become Administrative claims approved or disapproved by the Court under Bankruptcy Code Section 503. If approved, these claims will be treated as included in Class 3 under the Plan if such approval precedes the Confirmation of the Plan.. Whether discharge is applicable to claims of fraud in the administration of the Bankruptcy Estate and the effect thereof is beyond the scope here.

13

Case 2:05-bk-10489-GBN   Doc 417   Filed 08/30/07   Entered 08/30/07 11:12:57   Desc
Main Document   Page 13 of 16

approval of the Disclosure Statement and distribution of the Disclosure Statement once approved by the Court. The Proposing Creditor will notice a hearing on 25 days' notice to the Debtor, creditors, and other parties in interest to consider the Disclosure Statement and any objections or modifications thereto. The Proposing Creditor will only send the Disclosure Statement and associated documents to the Debtor by service on the Trustee, the Securities and Exchange Commission, and the United States Trustee as required by the Rule. The Disclosure Statement will be made available upon request to other interest holders.

Upon approval of the Disclosure Statement by the Court, the Proposing Creditor proposes to limit distribution of the Disclosure Statement, Plan and associated documents as well as the ballots approved by the Court to only those creditors who are part of an impaired class, as well as the Trustee and United States Trustee.[25] It would be unduly burdensome to require the Proposing Creditor to mail the Disclosure Statement to all members of classes which are not impaired and therefore may not vote for or against the Plan. The Court is requested to set the procedures for

---

[25] Bankruptcy Rule 3017(d) permits the Court to restrict the requirement of mailing copies to all interest holders.

transmitting the documents and information to interest holders at the hearing regarding approval of the Disclosure Statement.[26]

Wherefore, the Proposing Creditor moves the Court:

1. To approve the Disclosure Statement and authorize solicitation of approval of the Plan;

2. To allow distribution of the Plan, Disclosure Statement and associated documents only to members of impaired classes, the Trustee, and the United States Trustee;

3. To establish the procedure for distribution of the Plan, Disclosure Statement and related documents upon approval of the Disclosure Statement; and

4. To grant such other and further relief as the Court may deem necessary and proper.

Respectfully submitted:

_____
Thomas L. Kummer, pro se

---

[26] Bankruptcy Rule 3017(e).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion and accompanying documents were served by placing a copy thereof in a prepaid envelope and delivery to the United States Post Office on August 29, 2007:

Terry A. Dake, Ltd.
Attorney For Dale Ulrich, Trustee
11811 North Tatum Blvd.
Suite 3031
Phoenix, Arizona 85028-1621

Elizabeth C. Amorosi
Assistant United States Trustee
230 N. First Avenue
Suite 204
Phoenix, Arizona 85004-1706

Thomas L. Kummer