Robert J. Berens (012056)
Adam D. Melton (021227)
**MANN, BERENS & WISNER, LLP**
3300 North Central Avenue, Suite 2400
Phoenix, Arizona 85012-2513
Telephone: (602) 258-6200
Facsimile: (602) 258-6212
Email: rberens@mbwlaw.com
amelton@mbwlaw.com

Attorneys for Merchants Bonding Company

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>AR UTILITY SPECIALISTS, INC., an Arizona corporation,<br><br>Debtor. | Chapter 11<br><br>Case No. 2:05-10489-PHX-GBN<br><br>**MERCHANTS BONDING COMPANY'S OBJECTION TO PROPOSING CREDITOR THOMAS L. KUMMER'S DISCLOSURE STATEMENT** |

Merchants Bonding Company ("Merchants") hereby files its Objection ("Objection") to the proposing creditor Thomas L. Kummer's ("Mr. Kummer") "Disclosure Statement with Respect to Plan for Reorganization Under Chapter 11, Title 11, United States Code of AR Utilities Specialists, Inc., Debtor" ("Disclosure Statement"). Merchants respectfully requests that the Court deny approval of the Disclosure Statement because it fails to provide "adequate information" as required by 11 U.S.C. § 1125(a). This Objection is supported by (i) the Memorandum of Points and Authorities attached hereto and (ii) the entire record before the Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STANDARD TO APPROVE DISCLOSURE STATEMENT

The Disclosure Statement fails to provide the "adequate information required by 11 U.S.C. § 1125(a) because it omits "information of a kind and in sufficient detail . . . that would enable a hypothetical reasonable investor to make an informed judgment about the plan." See In re A.C. Williams, 25 B.R. 173, 176 (Bankr. N.D.Ohio 1982); In re Malek, 35 B.R. 443, 444 (Bankr. E.D.Mich. 1983); In re Metrocraft Publishing Services, Inc., 39 B.R. 567 (Bankr. N.D.Ga. 1984); In re Seioto Valley Mortgage Company, 88 B.R. 168, 170-171 (Bankr. S.D.Ohio 1988).

As it relates to Merchants claims, the Disclosure Statement fails to provide "adequate information" concerning the precise terms of the sale of Debtor's assets, fails to state the nature and amount of Merchant's super-priority and secured claims, and fails to provide sufficient detail concerning the payment of Merchant's claims. The absence of these provisions in a plan of reorganization makes the plan non-confirmable as a matter of law. Certainly, that fact is material to a creditor's decision to accept or reject the Plan. This Court should, therefore, deny approval of the Disclosure Statement.

## II. THE DISCLOSURE STATEMENT FAILS TO PROVIDE THE REQUISITE "ADEQUATE INFORMATION"

### A. Sale of Debtor's Assets to Mr. Kummer

According to the Disclosure Statement, "[t]he Plan has, at its foundation, the sale of the Debtor's assets." ("Sale"). See Disclosure Statement, p. 35. However, neither the Plan nor the Disclosure Statement provide any details about the Sale and certainly not "sufficient detail . . . that would enable a hypothetical reasonable investor to make an informed judgment about the plan." The following is a non-exhaustive list of basic information one would expect in a disclosure statement describing a sale of this magnitude, yet is absent in Mr. Kummer's Disclosure Statement:

- The Closing Date
- Details concerning the source, terms, and amount of any financing
- The amount of cash Mr. Kummer will pay to the Debtor
- The terms of any promissory notes.
- A copy of a purchase agreement or sales contract

Making this plan of reorganization more confusing, the Disclosure Statement indicates that the sale price will be $1,000,000, yet the Plan states that the sale price will only be $880,000. *See* Disclosure Statement, p. 35, Plan, p. 6. These important terms are not stated in either the Plan or Disclosure Statement that would allow a hypothetical investor to make an informed judgment about the Plan.

**B.    Merchants' Super-Priority Claims are not Included in any Class of Claims**

The Plan includes five classes of creditors, although the Disclosure Statement indicates that the Plan only designates three classes. No matter which designation is used, Merchants' super-priority claims are ignored. Accordingly, the Plan is not confirmable as a matter of law.

B(1)    *Merchants Super-Priority Claims*

Merchants was granted post-petition liens and super-priority claims under Code §507(b) pursuant to the following stipulations and orders: The Stipulation for Use of Cash Collateral (the "Stipulation") (docket entry 116) grants Merchants a security interest against the Debtor's assets "to the extent any Bonded Project Proceeds are or have been used by [the Debtor] since the Petition Date to pay General and Administrative Expenses." See ¶ 13.4, Stipulation. The amount of this super-priority claim is aproxiamtely $69,000. In the event the protections in the Stipulation were not adequate, Merchants was granted a super priority claim under Code §507(b).

The Stipulation also established what was referred to as the "Shortfall Amount." See ¶ 13.2.4, Stipulation. The Shortfall Amount was quantified at $66,903.19 pursuant to Section 2 of the Amendment to Stipulation for Use of Cash Collateral (the "Amendment") (docket entry

149). The Debtor utilized all funds in the Second Restricted Account. Id. Merchants was granted a replacement lien on the Debtor's "inventory, equipment, chattel paper, accounts, accounts receivable, Cash Collateral and the Real Estate Collateral" in the amount of $66,903.19. See ¶ 13.2.5, Stipulation; ¶¶ 1, 2 and 3, Amendment. To the extent the replacement lien for the Shortfall Amount was not adequate, Merchants was granted a super priority claim under Code §507(b). See ¶ 13.2.5.2, Stipulation; ¶ 8, Second Amendment to Stipulation for Use of Cash Collateral and New Post-Petition Financing Agreement (the "Second Amendment") (docket entry 163). The Stipulation, Amendment and Second Amendment were all approved by Court Order. See docket entries 120, 141, 151, 165.

The Plan and Disclosure Statement are silent as to classification of Merchants' super-priority claims.

### B(2)  *The Five Classes in the Plan*

According to Article 3 of the Plan, there are actually five (5) classes of claims. Although they are not titled "classes", there are five groups of claims described on pages 3 and 4 of the Plan.

- "Class 1" is limited to allowed secured claims.
- "Class 2" is limited to "priority administrative claims…with respect to taxes owed to the United States and any State or local taxing authority…"
- "Class 3" is limited to administrative claims under Code §507(a)(1) "as such claims have been approved by the Court pursuant to Section 503."
- "Class 4" consists of allowed unsecured pre-petition priority claims.
- "Class 5" relates to general unsecured claims.

Merchants super priority claims do not fall within any of these classes.

### B(3)  *The Three Classes in the Disclosure Statement*

In stark contrast to Article 3 of the Plan, Article 4 of the Plan and the Disclosure Statement expressly mentions that there are only three classes of claims. *See* Disclosure

Statement, p. 38, Plan, p. 5. But neither the Plan nor the Disclosure Statement provide any information as to how those classes are defined. Reading between the lines, it appears that the Disclosure Statement defines the three classes as follows:

- Class 1 - "The Secured Creditors and Priority Administrative Creditors [which] will be paid in full upon confirmation of the Plan"
- Class 2 - "The Unsecured Administrative Creditors as defined in Bankruptcy Code Section 503 [which] will receive promissory notes from the Purchaser secured by all assets of the Purchaser."
- Class 3 - "The Trustee" who will receive a series of payments in sixty installments.

Merchants' claims obviously do not fall within Class 3. Additionally, it appears that Merchants' super-priority claims are not included in Class 1 or Class 2. If so, then the Plan is not confirmable on its face, and the Disclosure Statement should not be approved. See In re Beyond.com Corp., 289 B.R. 138 (Bankr. N.D.Cal. 2003); In re Eastern Maine Elec. Corp. Inc., 125 B.R. 329 (Bankr. D.Me. 1991).

### C. The Plan is not Confirmable as a Matter of Law Because It Violates the Absolute Priority Rule

As yet another example of the Plan not being confirmable as a matter of law, the Plan and the Disclosure Statement violate the absolute priority rule. 11 U.S.C. §1129(b)(2)(B)(ii). The Disclosure Statement mentions certain payments that creditors will apparently receive as a result of the Sale. See Disclosure Statement, p. 35. The total amount of these seven (7) payments is $1,000,000. Conspicuously absent from this list is Merchant's super-priority claims, which are discussed in more detail in Section II(B) of this Objection. Mr. Kummer cannot ignore Merchants' super priority claims.

The Disclosure Statement provides as follows:

> The Purchaser proposes to pay the secured claims and priority claims, consisting of the secured claims of Merchants Bonding and the Internal Revenue Service, and thereafter pay administrative Creditors and the Trustee up to $791,616 over

a period of sixty (60) months without interest with equal monthly installments beginning the month after the purchase.

However, this payment scheme is not mentioned anywhere in the Plan – the Plan is silent as to the payment of Merchants' liens and claims. Nevertheless, even if this payment scheme was included in the Plan, it would render the Plan not confirmable as a matter of law because it does not provide for the payment in full of Merchants super priority claims under Code §507(b) before other administrative creditors receive distributions. Moreover, the other administrative claimants must be paid in full on the Effective Date of the Plan, unless they agree to other treatment of their administrative claim. 11 U.S.C. § 1129(a)(9)(A).

## III. CONCLUSION

The Disclosure Statement is woefully deficient lacking many details that a hypothetical investor would need to make an informed judgment about the Plan. Similarly, there are multiple provisions of the Plan which make it not confirmable as a matter of law. Only those deficiencies most effecting Merchants have been discussed above. Based on the above failures, Merchants respectfully requests that the Court deny approval of the Disclosure Statement.

RESPECTFULLY SUBMITTED this 24th day of September, 2007.

MANN, BERENS & WISNER, L.L.P.

By _____
Robert J. Berens
Adam D. Melton
Attorneys for Merchants Bonding Company

| | |
|---|---|
| 1 | COPY of the foregoing mailed<br>this 24th day of September, 2007, to: |
| 2 | |
| 3 | Hank Taylor,<br>Scott K. Brown |
| 4 | Lewis and Roca<br>40 North Central Avenue |
| 5 | Phoenix, AZ 85004-4429 |
| 6 | *Attorneys for Debtor* |
| 7 | John Worth |
| 8 | Forrester & Worth<br>3636 North Central Avenue, Suite 700 |
| 9 | Phoenix, AZ 85012-1927 |
| 10 | Peter Strojnik |
| 11 | Peter Strojnik, PC<br>3030 North Central Avenue, Suite 1401 |
| 12 | Phoenix, AZ 85012 |
| 13 | Thomas L. Kummer |
| 14 | 2164 Siesta Avenue<br>Las Vegas, NV 89169 |
| 15 | |
| 16 | /s/ Gabrielle M. Dorsey |