William R. Richardson (009278)
**RICHARDSON & RICHARDSON, P.C.**
1745 South Alma School Road
Corporate Center • Suite 100
Mesa, Arizona 85210-3010

Tel. (480) 464-0600
Fax. (480) 464-0602
Attorneys for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br>**AR UTILITY SPECIALISTS, INC.**, an Arizona corporation,<br>Debtor. | Chapter 11<br>Case No. 2:05-10489-PHX-GBN<br>**DEBTOR'S OBJECTION TO PROPOSING CREDITOR THOMAS L. KUMMER'S DISCLOSURE STATEMENT** |

The Debtor hereby objects to the disclosure statement that alleged creditor Thomas Lowrance Kummer ("Kummer")filed in this case entitled "Disclosure Statement with Respect to Plan for Reorganization Under Chapter 11, Title 11, united States Code for Ar Utilities Specialists, Inc. (DKT# **)( the "Disclosure statement"). The disclosure statement does not comply with the requirements of 11 U.S.C. §1125 in that it dies not provide adequate information sufficient to allow for a proper analysis of the Kummer Plan. This Objection is supported by the following Memorandum of Points and Authorities which is incorporated herein by this reference.

**DATED** this 24th day of September, 2007.

                                        **RICHARDSON & RICHARDSON, P.C.**


                                        By /s/ WRR #009278
                                        William R. Richardson
                                        1745 South Alma School Road
                                        Corporate Center • Suite 100
                                        Mesa, Arizona 85210-3010

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **Extension of Time**.

As the documents in this case reflect, Mr. Kummer failed to provide undersigned counsel with a copy of his notice of hearing which contained a bar date for filing objections to the disclosure statement in this case. Counsel only learned of the bar date by a review by his paralegal of the docket the morning of the filing of this objection. It is apparent that the notice was also not sent to Mr. Reynoso at his current address so that he did not receive the notice either. As there has been at least one other objection to the disclosure statement filed in this case, and as additional modifications to the disclosure statement will be necessary, the Debtor requests that the Court extend the time for filing an objection to and including September 28, 2007. A separate order will be uploaded.

II. **Joinder**.

The Debtor joins in the objection to the disclosure statement filed by Merchants Bonding (DKT# 441) to the following extent:

- Subpart A on pages 2 and 3.
- Subpart B on pages 3 though 5 only to the extent that the Disclosure Statement is inconsistent with the plan, schedules and statements and misclassifies the various claims. See *Everett v. Perez (In re Perez),* 30 F.3d 1209, 1217 (9th Cir. 1994)(contradictions and omissions in debtor's schedules, plan, disclosure statement not permissible).
- Subpart C on pages 5 and 6 to the extent that the proposed disclosure statement does not properly explain how the plan proponent anticipates overcoming the absolute priority rule.

III. **Lack of Standing to File Chapter 11 Plan.**

It appears that Mr. Kummer has no standing to file a chapter 11 plan and disclosure statement in this case. Mr. Kummer is a proposed purchaser of the assets of the Debtor and as such, he has no standing to file a plan and disclosure statement. Under 11 U.S.C. §

1121(c), any party-in-interest, including a creditor, may file a plan of reorganization. "Creditor" is, in turn, defined by 11 U.S.C. § 101(10)(A) as any entity that "has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor . . . ."[1]  As an administrative claimant, Mr. Kummer does not fall into the category of creditor. And as a proposed purchaser, Mr. Kummer is also clearly not a "party in interest" as a matter of law. *See In re Rook Broadcasting*, 154 B.R. 970, 974 (Bankr. D. Idaho 1993) and cases cited therein. In this case, as an administrative claimant, Kummer must be paid in full under any plan of reorganization that might be proposed and will be deemed to have accepted any plan that will be proposed. As such, he has no real stake in the filing of any plan or disclosure statement in this case. As such, Mr. Kummer is not a "party in interest" for purposes of section 1121. He therefore has no standing to file a plan or disclosure statement in this case.

### IV. Other Deficiencies in Disclosure Statement.

Pursuant to 11 U.S.C. §1125, a disclosure statement must provide "adequate information." Disclosure Statements are "measured by an objective standard drawn from the definition of 'adequate information' at § 1125(a) that asks what the 'hypothetical reasonable investor typical of holders of claims or interests of the relevant class' would want to know in order to make an informed judgment about the plan." *Official Comm. of Unsecured Creditors v. Michelson (In re Michelson)*, 141 B.R. 715, 725 (Bankr. E.D. Cal. 1992) (quoting 11 U.S.C. § 1125(a)).  There are a number of factors that the Court should consider when analyzing a disclosure statement. *In re A.C. Williams Co.,* 25 B.R. 173 (Bankr. N.D. Ohio, 1982)(litany of factors). In this case there are several glaring deficiencies other than those previously identified.

---

[1] (10) The term "***creditor***" means -

    (A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;
    (B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or
    (C) entity that has a community claim.

## 1. Present Condition of the Debtor.

The disclosure statement in this case is replete with innuendo, exaggeration and outright falsity. In providing a proper disclosure statement, a proponent must provide an accurate description of the the present condition of the debtor while in Chapter 11. *Id*. Assertions too numerous to even enumerate are included in the disclosure statement without any foundation at all. Moreover, these assertions are made without verifying their accuracy with the Debtor or counsel for the debtor. As examples only, the court should consider the following:

| Cite | Statement: | Comment: |
|---|---|---|
| p. 14 | "decline in business activity" | No basis for contention. Misrepresents facts. Indeed, the debtor purposely altered its course in the interests of profitability. Moreover, Mr. Kummer well knows that much of the loss he attempts to attribute to post petition mismanagement, were in reality a result of losses that had already occurred prepetition (Yuma Project) or as a result of a flood the Debtor experienced in the fall of 2006. |
| p. 15 | not bee appropriate or consistent accounting for the proceeds of CNA | No basis for accusation. Moreover, Mr. Kummer fails to note that some of the allegedly improper reporting was at his own hands as the CFO of the debtor. |
| p.21, n.34 | Apparently other lending in the post petition period ; represent "withdrawals from the Debtor by Mr. Reynoso or his family in the post-petition period." | Falsity and outright, unsupported fabrication. |
| p. 22 | unable to derteminte extent to which net property ... represents leasehold improvements. | No inquiry from proponent; pure speculation. |
| p. 22, n. 36 | Proposing creditor believes that the $230,000 represents ... | No support; complete speculation and no inquiry by proponent. |

| | | |
|---|---|---|
| p. 23 | CNA is expected to assert two claims | Investigation started by misrepresentations prompted by Mr. Kummer without any foundation whatsoever. Now, as Mr. Kummer has prompted an investigation, he uses it to besmirch the Debtor and its management. No support and no foundation for claim. |

The entire plan is base on speculation and misrepresentation. The plan does not provide adequate information regarding the operations during the Chapter 11 case nor does it supply adequate source information for all the innuendo and supposition made therein.

### 2. Future Management of the Debtor and Disclosures Regarding Mr. Kummer.

The disclosure statement in this case does not adequately describe Mr. Kummer nor does it describe the future management of the Debtor. Among other things, the proponent does not disclose the he was imprisoned pursuant to a guilty plea in the State of Georgia. The poroinent does nto disclose that he was suspended from the practice of law for a substantial period of time in North Carolina. The details concerning this purchaser's past should be detailed for those who consider the plan Mr. Kummer proposed.

**RESPECTFULLY SUBMMITTED** this 24th day of September, 2007.

**RICHARDSON & RICHARDSON, P.C.**

By  /s/ WRR #009278
William R. Richardson
1745 South Alma School Road
Corporate Center • Suite 100
Mesa, Arizona  85210-3010
Attorneys for Debtor

**ORIGINAL** of the foregoing lodged electronically this 24th day of September, 2007 and a **COPY** mailed the following date to:

Elizabeth Amorosi

| | |
|---|---|
| 1 | United States Trustee<br>230 N. First Avenue |
| 2 | Suite 204<br>Phoenix, AZ  85003-1706 |
| 3 | |
| 4 | Terry Dake<br>Terry A. Dake, LTD. |
| 5 | 11811 N. Tatum Blvd<br>Suite 3031 |
| 6 | Phoenix, AZ 85028-1621<br>Attorney for Trustee |
| 7 | Thomas L. Kummer<br>2164 Siesta Avenue |
| 8 | Las Vegas, NV 89169 |
| 9 | |
| 10 | By _____/wrr_____ |
| 11 | F:\DOC\DOC L-Z\R\Reynoso\Pleadings\Obj Kum DST.wpd |