William R. Richardson (009278)
**RICHARDSON & RICHARDSON, P.C.**
1745 South Alma School Road
Corporate Center • Suite 100
Mesa, Arizona 85210-3010

Tel.   (480) 464-0600
Fax.   (480) 464-0602
Attorneys for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br>**AR UTILITY SPECIALISTS, INC.**, an Arizona corporation,<br>Debtor. | Chapter 11<br>Case No. 2:05-10489-PHX-GBN<br>**DEBTOR'S SUPPLEMENTAL OBJECTION TO PROPOSING CREDITOR THOMAS L. KUMMER'S DISCLOSURE STATEMENT**<br>Date: October 5, 2007<br>Time: 10:30 |

The Debtor hereby submits its supplemental objection to to the disclosure statement that alleged creditor Thomas Lowrance Kummer ("Kummer") filed in this case entitled "Disclosure Statement with Respect to Plan for Reorganization Under Chapter 11, Title 11, United States Code for AR Utility Specialists, Inc. (DKT# 419)(the "Disclosure Statement"). The Disclosure Statement does not comply with the requirements of 11 U.S.C. §1125 in that it does not provide adequate information sufficient to allow for a proper analysis of the Kummer Plan. This Objection is supported by the following Memorandum of Points and Authorities which is incorporated herein by this reference.

**DATED** this 24th day of October, 2007.

                                                **RICHARDSON & RICHARDSON, P.C.**

                                                By  /s/ WRR #009278
                                                  William R. Richardson
                                                  1745 South Alma School Road
                                                  Corporate Center • Suite 100
                                                  Mesa, Arizona  85210-3010
                                                  Attorneys for Debtor

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Standing Issues.

In its initial objection filed with this Court on September 25, 2007, the Debtor objected to the Disclosure Statement because it was filed by an administrative claimant. Administrative claimants are not listed as "parties in interest" 11 U.S.C. §1121. Although the list provided in the statute is not exhaustive, there are good reasons for excluding administrative claimants. First, the automatic stay has limited application to post petition administrative creditors. They may commence suit and take a variety of other actions not available to those holding a claim at the commencement of Chapter 11 case. *See* 11 U.S.C. §362(a). Accordingly, unlike creditors holding claims under 11 U.S.C. §502, administrative creditors are not hamstrung in their ability to seek relief once a petition is filed. Second, administrative claimants are excluded from the class of persons who may vote in favor or against a plan. *See* 11 U.S.C. §1126 (a) as the claims of such claimants are not allowed under 11 U.S.C. §502 but under 11 U.S.C. §503.[1] Accordingly they do not stand in *pari materia* to the other creditors and interest holders who participate by voting in the confirmation process. Likewise, under 11 U.S.C. §1129(a)(9)(A), the plan must provide for full payment of the claims of administrative creditors. Simply stated, administrative creditors are purposely excluded from the confirmation process as any other procedure would create the kind of havoc and divisiveness that has occurred in this case.

While it is true that there is no definition of the terms "party in interest," and while it is also true that the list of those who are expressly included as parties in interest is not exclusive, the concept does not contemplate an open gate through which any person or party may enter. The Court must make a determination as to who constitutes a party in interest in any given instance.

> In determining party in interest status, the court must determine on a case by case basis whether the party has a sufficient stake in the outcome

---

[1] Only those "creditors" who have claims may file proofs of claim. See 11 U.S.C. §501. In turn, only those creditors who file claims may have allowed claims under section 502.

so as to require representation. In applying this test ***the court must also recognize the goal of efficient reorganization by not granting every party, who so requests, party in interest status***. Therefore, a determination as to whether and entity qualifies as a party in interest ***should be made within the specific context*** for which the determination is sought.

*In re River Bend-Oxford Associates*, 114 B.R. 111, 114 (Bankr. D. Md. 1990)(emphasis added)(citations omitted). The court continued noting that in some instances, the determination may hinge on whether the "rights of the parties sought to be represented [are] already adequately represented." *Id.*, *citing, In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 855 (Bankr. S.D.N.Y. 1989). A more recent case has noted that granting "party in interest status" in a given case may "unnecessarily complicate the proceedings and escalate the costs of the litigation for the parties." In such a case, the court is warranted in finding that the particular party is not a proper party in interest. *Magten Asset Mgm't Corp. v. Northwestern Corp. (In re Northwestern Corp.)*, 2006 Lexis 73404 at 9 (D. Del. 2006). Finally, as previously noted proposed purchasers of the assets of a bankruptcy estate are not properly deemed parties in interest. Simply stated, the Court should be "wary to permit the interjection of peripheral parties" where the peripheral party is a prospective purchaser of the Debtor's assets. *In re Crecent Mfg.Co.*, 122 B.R. 981 (Bankr. N.D. Ohio). *See also, In re Karpe*, 84 B.R. 926, 929 (Bankr. M.D. Pa. 1988)(purchaser is not party in interest).

     In this case, Mr. Kummer has an allowed administrative claim of $10,867.00. The law firm of Lewis and Roca has allowed administrative claims of $331,777.51. Currently undersigned counsel has incurred approximately $55,000.00 in administrative fees. The fees of the Trustee will also likely exceed by a substantial amount the claim asserted by Mr. Kummer. The Court is aware, Mr.Kummer filed a motion for appointment of a trustee in this case and also made an offer for the purchase of the Debtor a mere two or three days after he resigned his position with the Debtor as Chief Financial Officer. Mr. Henk Taylor's fee application will reflect the numerous hours spent in having to litigate against or negotiate with a man who was neither a creditor and ultimately played a large role in the cause of the bankruptcy case. In short, Mr. Kummer's interests are protected by the Code.

1. He should not be allowed to further disrupt this reorganization case especially where the trustee has only been recently appointed and where the estate can hardly afford the additional expenses that Mr. Kummer is causing the estate to incur.

**II. Additional Inaccuracies and Failures to Disclose.**

The Debtor incorporates the attached schedule which outlines additional failures to disclose as well as misrepresentations that the Disclosure Statement contains.

**RESPECTFULLY SUBMITTED** this 1st day of October, 2007.

**RICHARDSON & RICHARDSON, P.C.**

By /s/ WRR #009278
William R. Richardson
1745 South Alma School Road
Corporate Center • Suite 100
Mesa, Arizona 85210-3010
Attorneys for Debtor

**ORIGINAL** of the foregoing lodged
electronically this 1st day of
October, 2007 and a **COPY**
mailed the following date to:

Elizabeth Amorosi
United States Trustee
230 N. First Avenue
Suite 204
Phoenix, AZ 85003-1706

Terry Dake
Terry A. Dake, LTD.
11811 N. Tatum Blvd
Suite 3031
Phoenix, AZ 85028-1621
Attorney for Trustee

Thomas L. Kummer
2164 Siesta Avenue
Las Vegas, NV 89169

By /wrr

F:\DOC\DOC L-Z\R\Reynoso\Pleadings\Obj Kum DST_2.wpd