*TERRY A. DAKE, LTD.*
11811 North Tatum Boulevard
Suite 3031
Phoenix, Arizona 85028-1621
Telephone: (480) 368-5199
Facsimile: (480) 368-5198
tdake@cox.net

**Terry A. Dake - 009656**

Attorney for Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 Proceedings |
| | ) | |
| AR UTILITY SPECIALISTS, INC. | ) | Case No. 2-05-BK-10489-GBN |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S RESPONSE TO KUMMER'S MOTION
REGARDING INTERIM FINANCIAL REPORTS**

The trustee responds hereby to Thomas Kummer's motion regarding the interim financial reports filed in this case (Admin. Docket No. 489). The trustee's response is more fully set forth in and is supported by the following Memorandum Of Points and Authorities.

DATED January 8, 2008.

*TERRY A. DAKE, LTD.*


By /s/ TD009656
　　Terry A. Dake – 009656
　　11811 North Tatum Boulevard
　　Suite 3031
　　Phoenix, Arizona 85028-1621
　　Attorney for Trustee

**MEMORANDUM OF POINTS AND AUTHORITIES**

The gist of Kummer's current motion is that he does not believe that the debtor's interim financial reports reflect the debtor's financial affairs according to accepted accounting principals. The trustee disagrees.

First, Kummer alleges, based on a hand-written note by counsel for the debtor, that the monthly reports are filed on the "cash" basis of accounting. The debtor's accounting for the recognition of sales and subcontractor costs was discussed in detail at the December 7, 2007 depositions conducted by Mr. Kummer. The testimony of the debtor's in-house financial officer, Mark Riley, confirmed that the debtor's reporting of sales and expenses is on the accrual basis, has always been on the accrual basis, is in accordance with generally accepted accounting principals ("GAAP"), and that no restatement of the debtor's income statement is necessary or appropriate.

Second, Mr. Kummer alleges that the balance sheets presented by the debtor in its monthly reports are not in accordance with GAAP since the reports understate liabilities and assets. Mr. Kummer alleges that post-petition liabilities are understated since the amount on the monthly reports is less than those presented in the reorganization plan.

Included in the reorganization plan are estimated liabilities for trustee fees, trustee attorney fees, and debtor's attorney fees. Since these amounts are only estimates (having not been approved by the court) it would be improper under GAAP to accrue them at this time. Further, some of the other administrative claims in the disclosure statement, such as the Lewis & Roca administrative claim, and some of the tax claims, are subject to negotiation and/or dispute. Other

2

claims, such as the Merchants Bonding administrative claim, are already included in pre-petition liabilities.

Mr. Kummer protests that "only the trustee and the debtor know what the real post-petition liabilities are". Nothing is further from the truth. For example, on October 9, 2007, Mr. Kummer was sent a list of all the administrative claimants the trustee and debtor were aware of, and a copy of that same list was filed with the Court (Admin. Docket No. 475).

Mr. Kummer also contends that pre-petition liabilities are substantially less than the proofs of claims filed in this case. That is actually true. There appear to be a number of duplicate claims as well as a number of invalid or overstated claims. To date, neither the debtor nor the trustee have spent any significant time reviewing the proofs of claim on file, nor have any claim objections been filed, since there is no reason to do so until the time to pay those claims is at hand. Until that time, whether some or all of these claims are valid or invalid is of no consequence, and there is no reason at this time for the estate to incur still more administrative expense in claims litigation. Moreover, the amount of the pre-petition claims has no bearing on the post-petition operations of the debtor.

Finally Mr. Kummer complains that the balance sheet for the debtor is inaccurate because it does not include the CNA insurance receivable. This amount, as reflected in the disclosure statement, is an estimate of what the debtor contends is owed on a post-petition flood claim. However, the payment of that claim has been held up for many months due to unsubstantiated allegations of improprieties made to CNA by a former employee. As a result, there is no currently certainty

3

regarding either the amount of the claim or the timing of payment. In fact, the trustee attended a meeting as recently as December 31, 2007 with the insurance adjuster for CNA to get an update on the status of that claim. When the amount and timing of the payment can be ascertained with greater certainty, the financial statements will reflect that information.

In short, all of Mr. Kummer's concerns and complaints were fully addressed at the depositions which Mr. Kummer conducted on December 7, 2007. Moreover, as usual, Mr. Kummer is the only one who is complaining and, once again, those concerns relate to esoteric, arcane and often irrelevant matters. This debtor, and the trustee, have provided, and continue to provide, relevant financial information to all legitimate creditors and parties in interest. Mr. Kummer's agenda, as confirmed by his opposition to the trustee's motion to pay his claim, and his motion to compel the trustee to sell certain assets to him, is not about the well being of the creditors of this estate. His motion is yet another detour which imposes unnecessary administrative expense upon the estate, and takes up the time of this Court. Requiring the debtor to go back and refile interim financial reports so that they conform to Mr. Kummer's views serves no purpose other than generating work and expense. Neither are in the best interests of creditors or the bankruptcy estate.

**WHEREFORE**, the trustee prays that the motion be denied.

4

| | |
|---|---|
| 1 | DATED January 8, 2008. |
| 2 | ***TERRY A. DAKE, LTD.*** |

<pre>
                              By /s/ TD009656
                                 Terry A. Dake - 009656
                                 11811 North Tatum Boulevard
                                 Suite 3031
                                 Phoenix, Arizona 85028-1621

Copy mailed January 8, 2008 to:

Thomas L. Kummer
2164 Siesta Ave.
Las Vegas, NV 89169

 /s/ TD009656
</pre>

5