Thomas L. Kummer
2164 Siesta Avenue
Las Vegas, Nevada 89169
775-338-3705
reno4829@aol.com
*Pro Se*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

AT PHOENIX

| | |
|---|---|
| In the Matter of: ) | Case No. 2:05-bk-10489 GBN |
| ) | |
| AR Utilities Specialists, Inc., an ) | Chapter 11 |
| Arizona Corporation ) | |
| ) | Motion For Protective Order |
| Debtor ) | |
| ) | |

      NOW COMES Thomas L. Kummer, a party in interest, and seeks a Protective Order with respect to the Rule 2004 Examination of Marty Wolf and Wolf Termite and Pest Control ("Wolf") ordered by this Court by Order dated April 23, 2008. Kummer has now been informed that the Examination is to take place of May 21, 2008.

      Kummer purchased from Wolf Claim Number 28 on the Claims Register in this case. The Trustee has indicated to Kummer in a communication dated April 28, 2008 that he intends to seek from Wolf "all written communications (including

1

e-mail) between Wolf and the purchaser of the claim including, but not limited to, the solicitation, any responses or negotiations, all documents exchanged and signed, and copies of the documents reflecting the payment of the consideration such as canceled checks or other evidence of payment".

There is no basis upon which the Trustee can question the validity of the claim of Wolf or take the position that Wolf has not assigned the claim to Kummer. The inquiry into the communications surrounding the Assignment of the Claim has no relevance and appears to be interposed for an improper purpose.

The basis for a Protective Order is more fully set forth in and supported by the following Memorandum Of Points And Authorities.

DATED: May 9, 2008.

*[signature: Thomas L Kummer]*

Thomas L. Kummer, *pro se*

# MEMORANDUM OF POINTS AND AUTHROITIES

Kummer acquired the claim of Wolf and received and recorded an Assignment of the Claim.[1] The transferor has been notified of the recorded Assignment and has not objected thereto.

1. <u>Rule 3001(e)(2).</u> Rule 3001(e)(2) sets forth the procedure for transfer of a claim other than for security after a proof of claim has been filed. The transfer of the Wolf claim to Kummer falls into this category. The Rule calls for filing of evidence of the transfer by the transferee. Kummer has filed the Assignment which is the required evidence of the transfer of the claim to him as transferee. The Rule further provides that the clerk shall immediately notify the alleged transferor of the filing of the evidence of transfer, and the transferor must file an objection within twenty days. The Clerk notified Wolf of the filing of the evidence of transfer submitted by Kummer on April 20, 2008. Wolf has filed no objection.

The Trustee has not disputed or objected to the claim of Wolf. The Trustee has not waited twenty days to see if Wolf will file and objection. Rather, immediately the Trustee filed a motion to examine Wolf under Rule 2004.

Rule 3001 does not provide for any action by the Trustee in an attempt to frustrate a valid and legitimate transfer of claims. The Trustee simply has no role to play in the process. Here, however, the Trustee is attempting to interject himself

---

[1] The Assignment is recorded on the Claims Register.

3

into the transfer and cower the transferor because he dared to transfer a claim to Kummer.

2.      Rule 2004.  Examination pursuant to Bankruptcy Rule 2004 is limited "only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."  The stated purpose of the Rule 2004 Examination of Mr. Wolf is to obtain documents and communications relating to Wolf's assignment of an undisputed claim against the Estate to Kummer.

Into what category of approved areas of inquiry does the Trustee's intended examination fall?  Each can be addressed in turn.

a.      Acts, Conduct, Property Or Financial Condition Of The Debtor.  The only act or conduct of the Debtor involved here is the act which incurred the pre-petition liability to Wolf.  Wolf is listed as a pre-petition creditor in the Amended Schedules filed by the Debtor in connection with the Petition, and Wolf has filed an uncontested proof of claim.  The Debtor knows as much about the acts of the Debtor in this context as Wolf could possibly know.

The property of the Debtor is not involved here, nor is the financial condition of the Debtor.  What possible inquiry could be made of Wolf on these subjects?

4

Case 2:05-bk-10489-GBN    Doc 590    Filed 05/12/08    Entered 05/12/08 13:42:22    Desc
Main Document    Page 4 of 7

b. <u>Matters affecting The Administration Of The Debtor's Estate Or Discharge.</u>  The administration of the Debtor's Estate is not affected in any way by the transfer of Wolf's claim.  The Estate has no interest in who holds the claim and the claim must be dealt with in exactly the same manner whether Wolf holds the claim or Kummer holds the claim from an administrative point of view.  The communications between Wolf as transferor and the transferee have absolutely no relevance to the administration of the Estate nor does the amount of consideration paid by the transferee to the transferor.

The matter of the transfer of the claim by Wolf has not one iota of relevance to the discharge of the Debtor.

3. <u>Improper Purpose.</u>  There is no secret that the Trustee wants Kummer out of this case and will do extraordinary things to achieve that end, including proposing to prematurely pay all administrative claims for the stated purpose of paying Kummer's administrative claims so Kummer will go away.  The Trustee does not like the fact that Wolf transferred the claim to Kummer, and he is apparently intent on conducting a fishing expedition to punish Wolf for doing so.  Furthermore, the chilling effect of the Trustee's examination of Wolf on others who might be interested in transferring their claims to Kummer is palatable and calculated.  It is worthy of note that the Order of April 23, 2008 which addresses the Rule 2004

5

Examination was signed before Kummer had notice of the Motion seeking such Order.

4.   <u>Protective Order.</u>  The Trustee can conduct a Rule 2004 examination if he chooses to so spend his time.  However, the Court should preclude the mandatory production of the documents sought by the Trustee as outside the scope of Rule 2004, and the inquiry of Wolf should be limited to those sanctioned in Rule 2004.

## CONCLUSION

Kummer requests the Court to issue an order, a copy of which is attached hereto, precluding the inquiry of Wolf beyond the scope of Rule 2004.

Dated:  May 9, 2008

*[signature: Thomas L Kummer]*

Thomas L. Kummer, *pro se*

6

Copy mailed to:

**DALE ULRICH, CHAPTER 11 TRUSTEE**

C/O Terry A Dake, Ltd.

11811 North Tatum Boulevard

Suite 3031

Phoenix, Az. 85028-1621

**ELIZABETH C. AMOROSI**
Office of the US Trustee
230 N. 1st Ave., Suite 204
Phoenix, Arizona 85003

*[signature: Thomas L. Kummer]*

Thomas L. Kummer, *pro se*