TERRY A. DAKE, LTD.
11811 North Tatum Boulevard
Suite 3031
Phoenix, Arizona 85028-1621
Telephone: (480) 368-5199
Facsimile: (480) 368-5198
tdake@cox.net

Terry A. Dake - 009656

Attorney for Trustee

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Chapter 7 Proceedings |
| AR UTILITY SPECIALISTS, INC. | Case No. 2-05-BK-10489-GBN |
| Debtor. | |

### TRUSTEE'S RESPONSE TO KUMMER'S MOTION FOR PROTECTIVE ORDER

The trustee responds hereby to Thomas Kummer's Motion For Protective Order. (Admin. Docket No. 590). The trustee's response is more fully set forth in and is supported by the following Memorandum Of Points and Authorities.

DATED May 19, 2008.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
  Terry A. Dake – 009656
  11811 North Tatum Boulevard
  Suite 3031
  Phoenix, Arizona 85028-1621
  Attorney for Trustee

**MEMORANDUM OF POINTS AND AUTHORITIES**

It is indeed ironic that Mr. Kummer, who repeatedly, and frequently, demands full and complete disclosure from the trustee, now seeks to conceal his activities from scrutiny.

As this Court is aware, the estate paid Mr. Kummer's administrative claim. So, to keep his hooks in the estate, Mr. Kummer has now, purportedly, purchased a $270.00 claim from one of the debtor's unsecured creditors. See Admin. Docket No. 566.

Mr. Kummer's position is that the trustee "has no role" in the transfer of this claim. Motion, p. 3. Mr. Kummer is mistaken.

Claims trading in bankruptcy cases is nothing new. But, when it occurs, it raises a variety of questions. For example, what are the terms of the assignment - is it absolute, or only for security? What residual interest, if any, does the seller retain in the claim, if any? Are there unwritten terms and/or side deals that do not appear in the papers presented to the Court? What consideration was paid for the claim, if any? What rights did the alleged purchaser obtain with respect to voting and distributions? Who, in fact, purchased the claim?

In this matter, for example, the purported assignment says that the purchaser shall "indemnify Creditor for any losses occasioned by this Assignment". What exactly does that mean? How does it affect the transfer of the claim? Does the transferee retain rights in the claim by virtue of this ongoing duty?

Further, the fact that Mr. Kummer purportedly purchased this claim after he had been fully paid raises questions about the *bona fides* of this alleged sale. Why did Wolf Bros. sell this claim, and why did

2

Mr. Kummer buy it?  Claims trading for an improper purpose is a legitimate concern of the trustee, and this Court.  <u>See</u>, <u>e.g.</u>, <u>In re Keyworth</u>, 47 B.R. 966, 971-972 (D.C. Colo. 1985).

Mr. Kummer further complains that Rule 2004 does not permit this inquiry.  Motion, p. 4-5.  He contends, apparently in jest, that his purchase of this claim does not affect the administration of this estate.  Since Mr. Kummer is using this tiny claim to continue with his attack upon this estate, this alleged claim transfer is a legitimate subject of inquiry for the trustee.  To argue that Mr. Kummer's ongoing participation in this case does not affect the administration of this estate is to ignore the obvious.

Finally, Mr. Kummer complains that the trustee is simply "punishing" the transferee and "chilling" further claims transfers.  First, since no notice of the trustee's inquiry has been given to any other creditors, it is difficult to discern how other creditors are "chilled".  Second, the trustee was unaware that Mr. Kummer was still soliciting the purchase of more claims, so the trustee would have no reason to "chill" the sale of any more claims.  Third, there is no "punishment" of the original creditor.  The trustee is simply conducting a legitimate inquiry into this alleged transfer.

As for the documents the trustee seeks, they are simply the documents related to the transfer of the claim.  If in fact Mr. Kummer has some concern for the burden upon Wolf Bros. of producing these documents, Mr. Kummer could simply produce the documents himself, which he initially promised to do.  Exhibit A.  Yet, despite that promise, Mr. Kummer provided nothing, and then filed this motion over two weeks

3

later. Obviously, Mr. Kummer's feigned concern for Wolf Bros. is simply that and nothing more.

Mr. Kummer's efforts to keep secret his dealings with this creditor are not justified, nor justifiable. The trustee has every right to inquire into the alleged transfer of this claim. Mr. Kummer's efforts to block that inquiry cannot be permitted.

**WHEREFORE**, the trustee prays that the motion be denied.

DATED May 19, 2008.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
    Terry A. Dake - 009656
    11811 North Tatum Boulevard
    Suite 3031
    Phoenix, Arizona 85028-1621

Copy e-mailed May 19, 2008 to:

Thomas L. Kummer
2164 Siesta Ave.
Las Vegas, NV 89169

/s/ TD009656

4

# *EXHIBIT A*

## Terry Dake

**From:** <reno4829@aol.com>
**To:** <tdake@cox.net>
**Sent:** Thursday, April 24, 2008 12:30 PM

Mr. Dake:

   I note with interest you have procured an order to examine Mr. Wolf with respect to the assignment of claim to me.  I will gladly provide whatever information you seek.  Also, there is no time or date for the examination.  Please provide me with the time and date so I may attend.  Thank you.

---

Plan your next roadtrip with MapQuest.com: America's #1 Mapping Site.