Steven D. Jerome (#018420)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: 602-382-6000
Facsimile: (602) 382-6070
Email: sjerome@swlaw.com
Attorneys for Ruben Hinojos

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>AR UTILITY SPECIALISTS, INC., an Arizona Corporation,<br><br>Debtor. | Case No. 2:05-bk-10489-GBN<br><br>Chapter 11<br><br>**RUBEN HINOJOS' RESPONSE TO THOMAS KUMMER'S OBJECTION TO PROOF OF CLAIM**<br><br>Date: **June 16, 2008**<br>Time: **10:00 a.m.**<br>Location: **230 N. First Ave.**<br>**7th Floor, Courtroom 702**<br>**Phoenix, AZ 85003**<br><br>Related DE(s): 572, 587 |

Ruben Hinojos ("Hinojos"), a creditor in this bankruptcy proceeding, by and through his counsel,[1] hereby responds to the purported Objection to Claim of Ruben Hinojos ("Objection") filed by Thomas L. Kummer ("Kummer") to Hinojos' Proof of Claim. Kummer has no standing to file the Objection, offers no evidence to support his unfounded objection, erroneously misconstrues Hinojos' Proof of Claim, which has nothing whatsoever to do with Hinojos' ownership of stock in Golden Anvil, SA, and seeks turnover of stock from Hinojos without

---

[1] Snell & Wilmer L.L.P. previously represented Cynthia Reynoso in this bankruptcy case, but has withdrawn as Ms. Reynoso's counsel of record pursuant to an order approving the withdrawal entered by this Court on June 4, 2007 (DE #359)

8829328

having standing to or having commenced an adversary proceeding to obtain such affirmative recovery.

On August 11, 2005, Hinojos filed a Proof of Claim in this proceeding, designated on this Court's claims register as Claim No. 27. Hinojos' Proof of Claim is based upon the following sums owed by AR Utility Specialists, Inc. ("Debtor") to Hinojos: (1) the sum of $176,000 pursuant to a contract between the Debtor and Hinojos entitled "AR Utility Specialists, Inc. Phantom Stock Agreement," a copy of which is attached to the Proof of Claim; and (2) $5,600 in pre-petition wages and statutory penalties due to Hinojos for work performed as an employee of the Debtor.[2] Kummer's Objection does not address either of these claims, let alone demonstrate (or even suggest) any basis for opposing such claims.

Instead, Kummer's purported Objection contends that shares of stock personally owned by Hinojos in Golden Anvil, S.A. ("Golden Anvil"), a Mexican corporation that has no affiliation with the Debtor, should be turned over to the Debtor. First, Hinojos' Proof of Claim does not arise out of or relate in any way to his ownership of Golden Anvil stock. Second, to the extent that the Debtor purports to have any interest in Hinojos' Golden Anvil stock, Kummer has no standing to assert such an interest. Finally, Hinojos has provided documentation to the Debtor demonstrating that his stock in Golden Anvil was purchased with his personal funds.

Kummer has no standing to object to Hinojos' Proof of Claim. The chapter 11 trustee has recently filed an amended plan of reorganization in this case, which is scheduled for a confirmation hearing on July 7, 2008. By virtue of sections 8.1 and 8.2 of that plan, the trustee will have the exclusive right to object to claims no later than 90 days after the effective date of the plan.

Kummer is only a participant in this case due to his dubious purchase of a $270 unsecured claim from another creditor. His questionable motives and extensive meddling in this case are well documented and set forth on pages 21-24 of the Disclosure Statement approved by the Court

---

[2] The Debtor has not filed an objection to Hinojos' Proof of Claim.

by order entered May 30, 2008 (DE #607). However, even if Kummer had standing (which he does not), he does not – and cannot – offer any evidence demonstrating that Hinojos' personal stock in Golden Anvil should be turned over to the Debtor. Moreover, the chapter 11 trustee has already researched the issues surrounding the Golden Anvil stock, including the shares issued in Hinojos' name, and decided not to pursue them, having stated in the Disclosure Statement that "the trustee is not in favor of engaging in litigation over the actual ownership of the Golden Anvil stock." Disclosure Statement at 19:24-26. Even if the chapter 11 trustee wished to seek turnover of those shares, the proper procedural forum for such affirmative relief to be sought would be an adversary proceeding, not an objection to claim.

For the foregoing reasons set forth herein, the Court should deny the Objection.

DATED this 6th day of June, 2008.

SNELL & WILMER L.L.P.

By /s/ SDJ (#018420)
Steven D. Jerome
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Attorneys for Ruben Hinojos

COPY of the foregoing e-mailed
this 6th day of June, 2008, to:

Thomas L. Kummer  reno4829@aol.com
2164 Siesta Ave.
Las Vegas, NV 89169
Pro Se

Peter Strojnik  strojnik@aol.com
3030 N. Central Ave., Ste. 1401
Phoenix, AZ 85012
Attorney for Thomas L. Kummer

Dale Ulrich, Chapter 11 Trustee
c/o Terry A. Dake, Ltd.  tdake@cox.net
11811 N. Tatum Blvd., Ste. 3031
Phoenix, AZ 85028-1621

8829328

| | |
|---|---|
| Elizabeth C. Amorosi<br>Office of the US Trustee<br>230 N. First Ave., Ste. 204<br>Phoenix, AZ  85003 | USTPRegion14.PX.ECF@USDOJ.GOV |

/s/  Mary J. Minnick

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

8829328