Thomas L. Kummer
2164 Siesta Avenue
Las Vegas, Nevada 89169
775-338-3705
reno4829@aol.com
*Pro Se*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

AT PHOENIX

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. 2:05-bk-10489 GBN |
| | ) | |
| AR Utilities Specialists, Inc., an Arizona Corporation | ) ) | Chapter 11 |
| | ) | Objections To Application For |
| Trustee | ) | Allowance And Payment Of |
| | ) | Compensation For Fees And Costs |
| | ) | Incurred By Counsel For Debtor |
| | ) | |

NOW COMES Thomas L. Kummer, a party in interest, and objects to the Application For Allowance And Payment Of Compensation For Fees And Costs Incurred By Counsel For Debtor filed by Richardson & Richardson, P.C. The Applicant is not entitled to be compensated from the Estate as counsel for the Debtor while the Debtor was not in possession.

As Counsel for the Debtor when the Debtor is out of possession it must be shown that the services rendered could not be rendered by the attorney for the

1

Trustee which was in possession and that the services of the counsel for the Debtor-Out-Of-Possession benefited the Estate.

The Application filed by Richardson & Richardson ("Richardson") on its face evidences that the services rendered on behalf of the Debtor-Out-Of-Possession do not qualify to be paid from the Estate.

The objection is more fully set forth in and supported by the following Memorandum Of Points And Authorities.

DATED: August 28, 2008.

_Thomas L. Kummer_

Thomas L. Kummer, *pro se*

# MEMORANDUM OF POINTS AND AUTHORITIES

1. <u>Procedural History.</u>

The procedural history of this matter begins with the Motion to Withdraw as counsel for the Debtor filed by Lewis and Roca. Lewis and Roca had served as counsel for the Debtor-In-Possession since filing of the Petition In Bankruptcy. The Court granted the Motion of Lewis and Roca on May 1, 2007. (Docket # 333)

On May 2, 2008 the United States Trustee filed a Motion To Appoint A Chapter 11 Trustee. On May 17, 2008, while the Motion of the United States Trustee was pending, Richardson entered into a letter agreement entitled "Confirmation of Engagement of Counsel: Chapter 11 Bankruptcy" (the "Letter Agreement"). The Letter Agreement was signed by Mr. and Mrs. Reynoso individually and on behalf of AR Utility Specialists, Inc. Mr. Reynoso was the Debtor-In-Possession at the time. Richardson received $35,000 from the Reynosos at or near the time of the execution of the Letter Agreement which payment came from them personally.

The same day that the Letter Agreement was executed a hearing was held on the Motion of the United States Trustee for the appointment of a Chapter 11 Trustee. The Court granted the Motion and directed the United States Trustee to propose an appropriate candidate for appointment as Chapter 11 Trustee. (Docket #341) Mr. Dale Ulrich was subsequently appointed Chapter 11 Trustee (the

3

"Trustee"). Thus, from the day the Letter Agreement was signed, the Debtor ceased to be a Debtor-In-Possession and became a Debtor-Out-Of-Possession.

There has never been an agreement between the Trustee and Richardson for Richardson to represent the Estate. It was not until June 15, 2007 that Richardson filed an Application For Leave To Employ Counsel For The Debtor. (Docket 371) The Court on July 26, 2007 entered an order denying the employment of Richardson with respect to various adversary proceedings. Richardson was never appointed attorney for the Estate or attorney for the Trustee. (Docket # 398)

The Order authorized Richardson to "represent the debtor in the bankruptcy case…pursuant to 11 U.S.C. Section 327(a)". The Order further stipulated that: "No compensation is to be paid except pursuant to Section 331".

There is no question that the appointment of Richardson was as attorney for the Debtor only, and that at all times relevant to the Application the Debtor was out of possession. There is also no question that Richardson was never employed as counsel for the Trustee who was in possession.

Bankruptcy Code Section 327(a) cited in the Order relates only to hiring of professionals by the Trustee. Since, by the time of the Order the Reynosos were not the Debtor-In-Possession but rather the Court appointed Chapter 11 Trustee was in full possession of the Estate, and since the Chapter 11 Trustee never

4

employed Richardson, the appointment of Richardson under Section 327(a) is ineffective.

Bankruptcy Code Section 327(e) precludes the Trustee from employing an attorney who has represented the Debtor, except for "special purpose" which must be made known to the Court at the time of employment. Senate Report No. 95-989 relating to Bankruptcy Code Section 327(e) states as follows: "Subsection (e) permits the trustee, subject to the court's approval, to employ for a specified special purpose an attorney that has represented the debtor, if such employment is in the best interest of the estate…This subsection does not authorize the employment of the debtor's attorney to represent the estate generally or to represent the trustee in the conduct of the bankruptcy case…"

Richardson has never been employed by the Trustee, has not represented the Estate, and could not be employed by the Trustee except to the extent approved by the court for a special purpose. The Trustee in fact employed other counsel, Mr. Dake, as attorney for the Estate.

2.      What The Counsel For The Debtor-Out-Of-Possession Is Entitled To Be Paid From The Estate.

As attorney for the Debtor-Out-Of-Possession, Richardson is only entitled to be compensated from the Estate if he rendered value to the Estate and only if his efforts were for something which the Trustee and his counsel could not undertake.

5

*Collier On Bankruptcy* Section 327.07 citing <u>In re J.J. Bradley & Co.</u>, 2 C.B.C.2d 1245, 1255 (Bankr. E.D.N.Y. 1980) discusses what appointment as attorney for the Debtor means. An attorney for the debtor need not be approved if the debtor is out of possession but such attorney can only be compensated for actual, necessary services actually rendered and to the extent such services do not duplicate those of the trustee or the attorney for the trustee. *Collier On Bankruptcy* Section 330.03[b] develops the limitations further stating that the Estate will not be required to compensate an attorney who has not been approved pursuant to Bankruptcy Code Section 327 to represent the trustee for services which are duplicative of what the trustee and the trustee's attorney could have or should have done.

This result is dictated by Bankruptcy Code Section 330. Thereunder, the Court may award a professional person employed under Bankruptcy Code Section 327 reasonable compensation for actual, necessary services rendered by the professional and reimbursement for actual, necessary expenses. (Section 330(a)(1)) In determining the amount for reasonable compensation the Court must consider the extent and value of the services for which compensation is sought taking into account all relevant factors including whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of the case. (Section 330(a)(3)) Furthermore, the Court is

6

not to allow compensation for unnecessary duplication of services or services that were not reasonably likely to benefit the Estate or necessary to the administration of the case. (Section 330(a)(4))

Senate Report No. 95-989 explains the purpose of Bankruptcy Code Section 330(a) as follows: "The compensation is to be reasonable, for economy in administration is the basic objective."

Here we have a Trustee with his own lawyer running the business of the Debtor and responsible for all aspects of administration of the Estate. The Trustee is charged with broad responsibilities for administrating and protecting the Estate, including developing a proposed plan of reorganization as well as operating the business of the Estate and Estate Administration. (Bankruptcy Code Section 1106) There is no role in the matter of administering the Estate, conducting the business of the Estate, dealing with claims against the Estate, bringing actions on behalf of the Estate, interceding between the Trustee and the employees of the Estate, or other intrusions by the attorney for a Debtor-Out-Of-Possession.

3. <u>For What Richardson Seeks Compensation From The Estate.</u>

The billing of Richardson encompasses two individuals, Mr. William Richardson indicated on the billing as "WRR" and another individual by the name of Bonita H. Spalla, designated on the billing as "BHS". The Application indicates amounts due in the categories of "Business Operations", "Case

7

Administration", "Claims Administration", "Employment/Fee Applications", and "Financing, 361, 363, & 364 Matters". The Application shows no billing for "Plan, Disclosure and Confirmation". The total sought for services is $104,982.50. Adding up the totals for each category for which amounts are claimed in the Application reveals that the amounts to not add to the total. Yet, the total shown is the same as that reflected in the billing attached to the Application.

A cursory review of the billing attached to the Application reveals that the reason the numbers do not correspond is because the Application shows zero due for the category of "Plan, Disclosure and Confirmation" while the billing shows an amount claimed form the Estate for this category of $22,620.

Furthermore, funds paid to Richardson by Mr. and Mrs. Reynoso as part of the initial employment arrangement are not addressed in the Application or the billing at all, and they must be.

It is also relevant to note the time when services for which compensation is sought were rendered. It is axiomatic that under Bankruptcy Code Section 327 the Estate has no liability for payment of any professional fees until an order or appointment is obtained. Prior services can be billed, but only if the Order allows retroactive billing. Here there is no provision for payment of any amounts for services rendered before the Order of July 26, 2007 (Docket No. 398).

4. <u>The Categories Used In The Application Are Not Adequate.</u>

The categories in the Application are meaningless in the context of billing by counsel for a Debtor-Out-Of-Possession. Thus, the category "Business Operations" is meaningless because counsel for the Debtor-Out-Of-Possession has no role in the business operations of the Estate. Similarly, the category "Case Administration" by definition does not provide a basis for billing the Estate since the attorney for the Debtor-Out-Of-Possession as well as his client have no role in administration of the case or administration of the Estate which is in the sole purview of the Chapter 11 Trustee. Similarly, the Debtor-Out-Of-Possession and his counsel have no role to act in "Claims Administration" on behalf of the Estate.

If Richardson is to be paid for work related to these categories he would have to have been employed by the Trustee who had responsibility for these areas of the administration of the case and operation of the business of the Estate. But Richardson was never so employed.

Another category identified in the Application, but to which there appears to be no claim for fees is "Plan, Disclosure and Confirmation". However, for the numbers to add up this category actually includes in excess of $22,000 in fees claimed by Richardson from the Estate. The unsuccessful proposal of a plan by a party in interest does not give rise to an obligation on the part of the Estate to pay the lawyer for the party in interest.

9

In this case, the matter is particularly obvious because the plan presented by the Debtor-Out-Of-Possession constituted not reorganization but rather a sale of all assets to Mr. Reynoso. Richardson was clearly acting on behalf of Mr. Reynoso negotiating the deal with the Trustee and trying to get the plan approved. No one but an attorney for the Trustee who is attempting to reorganize the Debtor can be paid from the Estate for attempts to present a plan of reorganization.

5.  Analysis Of The Richardson Billing.

To get an understanding of what Richardson is seeking from the Estate an analysis which more clearly categories the charges is required. Attached as Exhibit A hereto is a schedule which analyzes the billing of Richardson to the Estate, by entry on the billing[1].

The categories in Exhibit A are as follows[2]:

A.  Contesting Motion Of U.S. Trustee For Appointment Of Trustee.

Most if not all of these services were rendered while the Debtor was still in possession and before an application for appointment was filed. There was no retroactive appointment, and therefore these services cannot be compensated from

---

[1] The categories used in the Application are maintained for ease of reference to the billing schedules attached to the Application. The difficulty in dealing with the question of what Richardson actually did in various categories is exacerbated by the combined time entries on the billing and a lack of specificity in the time entries. Nevertheless, review of Exhibit A will give a good picture of what Richardson seeks from the Estate.

[2] The descriptions in Exhibit A are abbreviated. To see the entire description provided by Richardson reference should be made to the entry of equivalent date under the categories designated by Richardson. Note that references to the Trustee include Mr. Ulrich and counsel to the Trustee, Mr. Dake.

10

the Estate. Additionally, there was no necessity to oppose the United States Trustee who was acting in the best interest of the Estate. The failed attempt to preclude the appointment of a Chapter 11 Trustee in accordance with the United States Trustee's Motion was of no value to the Estate. The amount billed by Richardson for opposing the Motion of the United States Trustee is $6,615.

    B.    <u>Withdrawal Of Lewis And Roca.</u>  Richardson billed $175 for services rendered in connection with the withdrawal of Lewis and Roca as attorney for the Debtor-In-Possession. None of this was necessary or beneficial to the Estate and the services were rendered before appointment of Richardson.

    C.    <u>Reynoso Personal.</u>  This category accounts for $6,912.50 of Richardson's bill to the Estate. Within this category are matters ranging from the Reynoso divorce, to communications with Mr. Reynoso and meetings with Mr. Reynoso which were not related to administration of the Estate, to meetings and correspondence with on Guerrero who has no connection to the Estate, to communications with Mrs. Reynoso. One particular example is instructive. Richardson billed the Estate for his conversations with Mr. Reynoso concerning Mr. Reynoso, as an employee of the Estate, giving a statement to CNA Insurance Company about the way he handled the reconstruction of the Estate premises. There were allegations of wrongdoing by Mr. Reynoso which were being investigated by CAN for the benefit of the Estate. Preparing Mr. Reynoso for the

11

statement was not beneficial to the Estate. These simply are not proper to be paid from the Estate.

  D. <u>Preparation To Become Debtor's Counsel.</u> Most, if not all, of the charges in this category relate to activities before appointment was sought and therefore cannot be paid as if Richardson were an attorney for the Debtor-In-Possession. These services provided no benefit to the Estate because before any appointment of Richardson was made the Trustee was appointed and whatever Richardson did to prepare to represent the Debtor-In-Possession was mooted. The total billed for this category is $1,725.

  E. <u>Adversary Proceedings.</u> Richardson sought to be appointed with respect to the Adversary Proceedings listed in the July 26, 2007 Order but his request was denied. The Court made extremely clear that Richardson was not to bill the Estate for any work he had done or did in the future with respect to the Adversary Proceedings. However, within the billing presented for payment from the Estate is $40,322.50 for work Richardson claims to have done on these very Adversary Proceedings. The Court has ruled he cannot be paid from the Estate for this work, the Order makes clear he is not appointed for purposes of pursuing these Adversary Proceedings, and the Estate should not now be ordered to pay amounts to Richardson in connection with anything done with respect to the Adversary Proceedings.

12

Case 2:05-bk-10489-GBN Doc 665 Filed 08/28/08 Entered 08/28/08 14:50:32 Desc
Main Document  Page 12 of 16

F. <u>Review Of Trustee Actions And Correspondence.</u> Richardson seeks to be paid from the Estate for $11,550 of his time reviewing correspondence between the Trustee and the employees of the Estate, review of motions and other actions filed by the Trustee, and reviewing other aspects of the administration of the Estate by the Trustee and his counsel. The Estate derived no benefit from Richardson reviewing what the Trustee was doing. The review by Richardson of the Trustee's actions and correspondence is completely duplicative of the functions in which the Trustee and his counsel engaged.

G. <u>Application For Appointment And Objections Thereto And Withdrawal.</u> Richardson has billed the Estate for $1,925 for Richardson seeking appointment, dealing with the successful objections to appointment, and ultimately withdrawing having accomplished nothing for the Estate. These fees were not necessary in any event as the attorney for the Debtor-Out-Of-Possession is not required to be appointed and cannot be under Bankruptcy Code Section 327. The withdrawal, rather than hinder the Estate, actually cleared the way for the Trustee to propose a confirmable reorganization plan.

H. <u>Communications Re Operations By Employees Of The Estate.</u> Richardson seeks to be paid for $2,112.50 for communications with the employees of the Estate while the Trustee was operating the business of the Estate. No such communications added anything to what the Trustee was already doing.

13

I.      Miscellaneous And Unidentified Amounts.  Amounts in this category are simply billings for which no explanation is given or are not part of the other categories.  The total of these unidentified items is $587.50.

J.      Objections To Kummer's Plan.  It is certainly true that the Debtor-Out-Of-Possession had the right to object to the Plan of Reorganization and Disclosure Statement proposed by Kummer, but the objection of the Debtor-Out-Of-Possession did not add anything to the administration of the Estate.  T he Estate should not be required to pay for the objections of the Debtor-Out-Of-Possession any more than the Estate should be required to pay the costs of objections by any other party in interest except the Trustee.  Richardson billed $7,912.50 for objecting to Kummer's Plan.

K.      Debtor's Plan.  The Debtor-Out-Of-Possession proposed a plan of reorganization, negotiated with the Trustee about its terms, and ultimately abandoned its proposal.  The sum billed by Richardson with respect to the plan of the Debtor-Out-Of-Possession is $20,732.50.  There was no benefit whatsoever to the Estate from the ill fated efforts of the Debtor-Out-Of-Possession to propose reorganization plan.  Ultimately the Trustee proposed a confirmable plan.  The Debtor-Out-Of-Possession has no more right to be paid by the Estate than any other party in interest who may have proposed a reorganization plan.

14

L. <u>Review Monthly Reports.</u> Richardson has billed the Estate $775 for reviewing the monthly reports filed by the Trustee. Any party in interest can review the monthly reports, but no party is entitled to bill the Estate for looking at the reports filed by the Trustee. Of what value to the Estate is a party in interest's review of the monthly reports already filed?

M <u>2004 Examination.</u> Kummer sought and obtained an order to take the testimony of employees of the Estate and the Trustee concerning internal operations of the Estate. The Debtor-Out-Of-Possession had no legitimate role in the process. The Trustee is tasked by law with the responsibility for maintaining the books and records of the Estate and its operations which were the subject of inquiry. Only employees of the Estate and the Trustee testified. Richardson has charged the Estate $3,637.50 with respect to this examination, mostly for consultation with the employees of the Estate and providing data from these employees which could have readily been provided through the Trustee and the Trustee's counsel.

6. <u>Conclusion.</u> It is incumbent upon Richardson to show that the activities for which he seeks compensation from the Estate meet a two-fold test: the activities must have benefited the Estate and the activities must not duplicate the efforts of the Trustee and Trustee's counsel. It is not enough to show that what Richardson did was not duplicative. Richardson must show that the Trustee or his counsel

15

could not perform the functions for the Estate which Richardson performed.  This Richardson has not done and cannot do.  Therefore, all compensation to Richardson must be denied.

Respectfully submitted:  August 28, 2008.

_____
Thomas L. Kummer, *pro se*